**LAW OFFICE OF KEVIN ROSENBERG PLLC**
8 N. Front Street, Suite 1102
Kingston, NY 12401
845-527-4474
Kevin@kjrlawfirm.com
Attorney for Ms. Jeanine DeVall

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: : | |
| PATRICK FLEMING, : | CASE NO.: 25-cv-08734-UA |
|                 Plaintiff, : | |
| v. : | |
| : | |
| TOWN OF EAST FISHKILL; EAST FISHKILL : | |
| POLICE DEPARTMENT; INDIVIDUAL EFPD : | |
| OFFICERS; COUNTY OF DUTCHESS; : | |
| DUTCHESS COUNTY SHERIFF'S OFFICE; : | |
| INDIVIDUAL DCSO DEPUTIES; : | |
| JEANINE A. DEVALL; and : | |
| KEVIN M. MACKAY, : | |

**NOTICE OF DEFENDANT JEANINE A. DEVALL'S COMBINED
MOTION FOR LEAVE TO FILE A LATE RESPONSIVE PLEADING
<u>AND MOTION TO DISMISS</u>**

Date: February 3, 2026

NOTICE OF MOTION

Please take notice that upon the accompanying Memorandum of Law, and all prior pleadings and proceedings, Defendant Jeanine A. DeVall ("Ms. DeVall") will move this Court, at a date and time to be set by the Court, for an order: (a) granting leave under Rule 6(b)(1)(B) to file her late responsive pleading based on excusable neglect; (b) accepting for filing the concurrently submitted Motion to Dismiss under Rules 12(b)(1) and 12(b)(6); and (c) granting such other and further relief as the Court deems just and proper.

ISSUES PRESENTED

1. Whether the Court should grant leave for a late responsive pleading based on excusable neglect arising from serious family medical exigencies and a non-waivable conflict of interest that impaired Defendant's ability to secure unconflicted counsel and timely respond.

2. Whether Plaintiff's claims against Ms. DeVall, a private individual, should be dismissed because the Complaint fails to plausibly allege state action, conspiracy, or other necessary elements, and because the pleading relies on conclusory assertions and collateral state-court matters not supporting federal jurisdiction.

Dated: February 3, 2026
      Kingston, NY

                                        Very Respectfully,

                                        *Kevin J. Rosenberg*

                                        Kevin J. Rosenberg, Esq.
                                        Kevin Rosenberg PLLC
                                        Attorney for Jeanine DeVall
                                        8 N. Front St. Suite 1102
                                        Kingston, NY 12401
                                        (845) 527-4474

**LAW OFFICE OF KEVIN ROSENBERG PLLC**
8 N. Front Street, Suite 1102
Kingston, NY 12401
845-527-4474
Kevin@kjrlawfirm.com
Attorney for Ms. Jeanine DeVall

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| In re: : | |
| PATRICK FLEMING, : | CASE NO.: 25-cv-08734-UA |
|                 Plaintiff, : | |
| v. : | |
| : | |
| TOWN OF EAST FISHKILL; EAST FISHKILL : | |
| POLICE DEPARTMENT; INDIVIDUAL EFPD : | |
| OFFICERS; COUNTY OF DUTCHESS; : | |
| DUTCHESS COUNTY SHERIFF'S OFFICE; : | |
| INDIVIDUAL DCSO DEPUTIES; : | |
| JEANINE A. DEVALL; and : | |
| KEVIN M. MACKAY, : | |

---

**DEFENDANT JEANINE A. DEVALL'S COMBINED MOTION FOR LEAVE TO FILE A LATE RESPONSIVE PLEADING AND MOTION TO DISMISS; <u>MEMORANDUM OF LAW IN SUPPORT</u>**

   I. Introduction

This combined motion seeks (a) leave to file a late responsive pleading upon a showing of excusable neglect, and (b) dismissal of all claims asserted against Ms. DeVall for failure to state a claim and for lack of subject-matter jurisdiction where applicable. The delay was neither strategic nor prejudicial; it arose from unforeseen and substantial personal circumstances and an ethical conflict with prior counsel that reasonably prevented a timely response. Acceptance of the late filing will promote adjudication on the merits without undue prejudice to Plaintiff or disruption to the schedule. Substantively, Plaintiff's Complaint does not plausibly allege that Ms. DeVall—a private citizen—acted under color of state law, nor does it state viable federal claims against her under §§ 1983, 1985, or 1986, or adequately plead pendent state-law claims.

   II.   Procedural Background

3

Plaintiff filed this action on October 21, 2025, alleging federal civil-rights claims under 42 U.S.C. §§ 1983, 1985, and 1986, as well as supplemental state-law claims, against municipal defendants, law enforcement officers, and two private actors, including Ms. DeVall.

   III.   Motion for Leave to File a Late Responsive Pleading

A. Legal Standard

Rule 6(b)(1)(B) permits the Court, for good cause, to extend time on motion made after the time has expired if the party failed to act because of excusable neglect. Courts evaluate prejudice, length of delay and its impact, the reason for the delay and whether within the movant's control, and good faith.

B. Excusable Neglect: Serious Family Medical Exigencies and Counsel Conflict

1. Serious medical exigency. Ms. DeVall's failure to timely respond resulted from exigent family medical circumstances involving her father's serious illness, requiring substantial caregiving responsibilities and coordination of medical decisions. His dementia has progressed to the point that he can no longer be left alone or leave the house independently.  As the closest living relative, Ms. DeVall has been providing ongoing support and managing essential tasks.  In addition to his cognitive decline, Ms. DeVall's father has recently been suffering from a myriad of serious health concerns including shoulder replacement surgery, recovery from a failed cardiac ablation, ongoing treatment for bone cancer, and broader cardiac concerns.  These compounded medical events required sustained attention and support.

2. Conflict of interest with prior attorney. Ms. DeVall's prior attorney is named as a co-defendant in this action, creating an ethical conflict that precluded that attorney from representing her here and necessitated the retention of independent counsel. The conflict materially delayed her ability to secure unconflicted counsel and prepare a response.

C. The Equitable Factors Favor Leave

1. Prejudice: Plaintiff faces no cognizable prejudice from a brief, explained delay; no default has been entered; and the case remains at the pleading stage. Any minimal delay is curable by a modest adjustment to the briefing schedule.

2. Length and impact of delay: The delay is limited and has not impacted any Court-ordered deadlines or discovery.

3. Reason for delay and control: The combination of serious family medical obligations and the need to replace conflicted counsel constitutes a reasonable, good-faith basis largely outside Defendant's practical control.

4. Good faith: There is no evidence of bad faith; Defendant promptly moved once new counsel was engaged.

Accordingly, the Court should find excusable neglect and accept the late filing.

IV. Motion to Dismiss

A. The § 1983 Claims Fail Because the Complaint Does Not Plausibly Allege State Action by a Private Individual

Plaintiff sues Ms. DeVall, a private actor, under § 1983. To state a claim, Plaintiff must plausibly allege that she acted under color of state law through joint action, coercion, or a symbiotic relationship. The Complaint's conclusory assertions that Ms. DeVall "acted in concert" with law enforcement by seeking legal remedies and communicating with officers do not transform private conduct into state action. Seeking police assistance, conferring with counsel, or pursuing a protective order does not constitute state action. The pleaded facts reflect ordinary private conduct and litigation activity, not a meeting of the minds to commit a constitutional violation.

1. Fourth and Fourteenth Amendment theories: Plaintiff's allegations focus on police decisions and municipal practices. As to Ms. DeVall, the Complaint lacks nonconclusory facts showing that she directed, controlled, or jointly participated with officers to such a degree that her conduct was fairly attributable to the state. Communications with law enforcement and filing family court petitions are insufficient.

2. First Amendment theory: Any alleged speech restrictions arose, if at all, from judicial orders, not from private conduct attributable to Ms. DeVall.

B. The § 1985(3) Conspiracy Claim Fails to Plead Class-Based Animus or a Plausible Agreement

The Complaint does not allege facts supporting the required class-based, invidiously discriminatory animus or a plausible conspiratorial agreement by Ms. DeVall to deprive federal rights. Conclusory references to "conspiracy" and "overt acts" do not suffice. The claim should be dismissed.

C. The § 1986 Claim Fails Absent a Viable § 1985 Claim and Because Ms. DeVall Is Not a Proper § 1986 Defendant

Section 1986 imposes liability on persons who neglect to prevent a § 1985 violation. Without a viable § 1985 claim, § 1986 necessarily fails. Moreover, § 1986 targets persons with power to prevent federal-rights conspiracies; the pleading alleges no such authority by Ms. DeVall.

D. The Supplemental State-Law Claims Should Be Dismissed

1. Abuse of process and malicious prosecution: The Complaint alleges Ms. DeVall filed and renewed Family Court petitions and orders of protection. Petitioning activity, without more, does not constitute abuse of process or malicious prosecution absent plausible facts of improper use of process after issuance, lack of probable cause, malice, and favorable termination. The pleading lacks these elements and conflates litigation positions with actionable torts.

2. Defamation, fraud, and related torts: The Complaint asserts generalized accusations of false statements and omissions, but does not plead the who, what, when, where, and how with the requisite particularity, nor special damages where required.

3. Residential property and equitable claims: The constructive trust, conversion, accounting, unjust enrichment, joint venture, and fiduciary duty claims arise from a long-standing domestic relationship and property arrangements; they are fact-

intensive state-law disputes that are not properly bootstrapped onto insufficient federal claims.

E. In the Alternative, the Court Should Decline Supplemental Jurisdiction

If the federal claims are dismissed, the Court should decline supplemental jurisdiction over any remaining state-law claims to allow adjudication in state court.

V. Integration: No Prejudice in Accepting the Late Filing to Reach the Merits of the Dismissal Motion

Accepting the late filing allows efficient resolution of threshold defects in the Complaint and avoids prejudice or delay. Defendant's reasons for delay are substantial and documented; Plaintiff suffers no material prejudice; and the interests of justice favor decisions on the merits.

VI. Conclusion

For the foregoing reasons, the Court should grant leave to file a late responsive pleading and dismiss all claims against Ms. DeVall with prejudice. In the alternative, the Court should dismiss the federal claims and decline supplemental jurisdiction over the state-law claims.

REQUESTED RELIEF

Defendant respectfully requests that the Court enter an order:

a. Granting leave under Rule 6(b)(1)(B) to accept Ms. DeVall's late-filed responsive pleading and concurrently filed Motion to Dismiss;

b. Dismissing with prejudice Plaintiff's federal claims against Ms. DeVall under 42 U.S.C. §§ 1983, 1985, and 1986 pursuant to Rules 12(b)(1) and 12(b)(6);

c. Dismissing Plaintiff's state-law claims against Ms. DeVall pursuant to Rule 12(b)(6); or, alternatively, declining supplemental jurisdiction and dismissing such claims without prejudice; and

d. Granting such other and further relief as the Court deems just and proper.

Dated: February 3, 2026

Kingston, NY

                              Very Respectfully,

                              *Kevin J. Rosenberg*
                              Kevin J. Rosenberg, Esq.
                              Kevin Rosenberg PLLC
                              Attorney for Jeanine DeVall
                              8 N. Front St. Suite 1102
                              Kingston, NY 12401
                              (845) 527-4474