

Date: February 5, 2026

To: The Honorable Nelson S. Roman The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse 300 Quarropas St. White Plains, NY 10601-4150

From: Kevin J. Rosenberg, Kevin Rosenber PLLC, 8 N. Front Street, Suite 1102, Kingston, NY 12401

**Re: Patrick Fleming v. Town of East Fishkill, et al., Case No. 1:25-cv-08734-UA Request for Pre-Motion Conference Regarding Defendants' Anticipated Motion to Dismiss**

Dear Judge Roman:

I represent Defendant Ms. DeVall in the above-referenced matter. Pursuant to Your Honor's Individual Practices, I respectfully request a pre-motion conference to discuss two contemplated motions: (a) a motion for leave to file a late responsive pleading, and (b) a motion to dismiss the complaint as against Ms. DeVall.

Background and Procedural Posture

Plaintiff Patrick Fleming filed a complaint naming the Town of East Fishkill and others, including Ms. DeVall, a private individual. As relevant here, the pleading asserts claims sounding in constitutional and related federal theories against Ms. DeVall based on conclusory allegations that she acted "in concert" with municipal actors. The complaint does not set forth factual content that plausibly connects Ms. DeVall to any state action or conspiracy, nor does it articulate a cognizable federal claim against her.

Anticipated Rule 6(b)(1)(B) Grounds

As to the anticipated motion for leave to file a late responsive pleading, good cause and excusable neglect exist. Specifically, Ms. DeVall experienced significant family medical issues during the period when the responsive pleading came due which materially impaired the ability to meet the deadline despite diligence. In addition, a conflict of interest arose with Ms. DeVall's prior counsel necessitating substitution and causing delay while Ms. DeVall secured new representation. The combination of these circumstances was not the product of bad faith, was promptly addressed upon discovery, and has not prejudiced Plaintiff beyond the brief delay.

Anticipated Rule 12(b)(6) Grounds

1. Failure to State a Claim Against Ms. DeVall. The complaint fails to allege facts that, accepted as true, state a plausible claim for relief against Ms. DeVall. Conclusory assertions that a private individual "participated," "collaborated," or

"agreed" with government actors, without well-pled supporting facts, are insufficient. The complaint does not specify the who, what, when, where, or how of any purported agreement or joint conduct by Ms. DeVall with any state actor, nor does it identify any overt act taken by her in furtherance of an alleged unlawful objective. The pleading likewise fails to allege any duty owed by Ms. DeVall under federal law or any specific wrongful act by her that would satisfy the elements of the asserted causes of action.

2. Lack of Plausible State Action as to a Private Individual. To the extent Plaintiff seeks to proceed under 42 U.S.C. § 1983 or analogous constitutional theories, the complaint does not plausibly allege that Ms. DeVall—a private citizen—was a state actor under any recognized test, including the joint-action, close-nexus, public-function, or compulsion doctrines. The pleading offers no nonconclusory facts showing that (a) the State exercised coercive power or provided significant encouragement to Ms. DeVall; (b) Ms. DeVall performed a function traditionally and exclusively reserved to the State; (c) there existed a willful, mutual understanding or meeting of the minds between Ms. DeVall and any state actor; or (d) there was interdependence between Ms. DeVall and the State.

3. Insufficiency of Conspiracy Allegations. Any conspiracy theory is pled in a wholly conclusory manner. The complaint does not allege facts supporting the essential elements of conspiracy, including a specific agreement among identified participants, the timeline and purpose of such agreement, and particular acts undertaken in furtherance of it. Bare assertions of conspiracy or parallel conduct cannot sustain a claim against a private individual.

4. Deficiencies in Any Supplemental State-Law Theories. To the extent Plaintiff's pleading may be construed to assert state-law claims against Ms. DeVall, those claims are not plausibly pled. The complaint does not allege facts establishing the elements of any such claim, and, as discussed below, the Court should decline to exercise supplemental jurisdiction if all federal claims are dismissed.

Anticipated Rule 12(b)(1) Grounds

1. Lack of Subject-Matter Jurisdiction Over Claims Against Ms. DeVall. Because the complaint fails to plausibly allege state action or any viable federal cause of action as to Ms. DeVall, there is no federal question jurisdiction over the claims asserted against her. Absent a cognizable federal claim, and with no allegations establishing complete diversity or the amount-in-controversy requirements, the Court lacks subject-matter jurisdiction over claims against this private defendant.

2. Supplemental Jurisdiction. If the federal claims against Ms. DeVall (and, as applicable, other defendants) are dismissed at the pleading stage, the Court should decline to exercise supplemental jurisdiction over any remaining state-law claims, which predominate factually and legally over any residual federal issues and would substantially expand the scope and burden of this litigation at an early stage.

Requested Relief and Conference

For the foregoing reasons, Ms. DeVall intends to move to dismiss the complaint under Rules 12(b)(6) and 12(b)(1) as to all claims asserted against her. We respectfully request that the Court schedule a pre-motion conference at the Court's convenience and set a briefing schedule for the anticipated motion. If the Court prefers, we are prepared to submit a proposed briefing schedule or to participate in a telephonic conference.

We appreciate the Court's attention to this request.

Respectfully submitted,

*Kevin J. Rosenberg*
Kevin J. Rosenberg, Esq.
Kevin Rosenberg PLLC
Attorney for Jeanine DeVall
8 N. Front St. Suite 1102
Kingston, NY 12401
(845) 527-4474

cc: All counsel of record (via ECF)