USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  2/10/2026

**Date**:	February 9, 2026

**To**:	The Honorable Nelson S. Roman
The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas St, White Plains, NY 10601-4150

**From**:	Patrick Fleming, Pro Se Plaintiff
406 Saratoga Lane, Fishkill, New York 12524
(845) 475-8383
pfReal@gmail.com

**Re**:	Patrick Fleming v. Town of East Fishkill, et al.
Case No. 7:25-cv-08734-NSR
Response to Defendant DeVall's Request for Pre-Motion Conference
and Anticipated Motion to Dismiss

MEMO ENDORSED

see pg. 8

Dear Judge Roman:

Pursuant to Your Honor's order dated February 6, 2026, directing Plaintiff to respond to Defendant DeVall's request for a pre-motion conference on or before February 17, 2026, I respectfully submit this response.

## I. PROCEDURAL POSTURE

Defendant Jeanine DeVall, through counsel Kevin J. Rosenberg, has requested a pre-motion conference to discuss: (a) a motion for leave to file a late responsive pleading under Fed. R. Civ. P. 6(b)(1)(B), and (b) a motion to dismiss the First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

## II. PLAINTIFF'S POSITION

### A. Motion for Extension of Time to File Responsive Pleading – No Opposition

Plaintiff does not oppose Defendant DeVall's request for leave to file a late responsive pleading, subject to the Court's discretion.  Plaintiff acknowledges that Defendant represents family medical emergencies and a conflict-of-interest with prior counsel Kevin MacKay, a

defendant in the subject complaint. Plaintiff not been substantially prejudiced by the brief delay, and the interests of justice favor allowing Defendant an opportunity to respond on the merits.

**B. Anticipated Motion to Dismiss – Plaintiff Opposes**

Plaintiff respectfully opposes Defendant DeVall's anticipated motion to dismiss and submits that such motion lacks merit. The First Amended Complaint adequately pleads both federal claims under 42 U.S.C. §§ 1983, 1985, and 1986, and supplemental state law claims against Defendant DeVall. Dismissal at the pleading stage would be premature and inappropriate.

**1. The Complaint Adequately Pleads State Action Under the Joint Action Doctrine**

Defendant DeVall contends the Complaint fails to plausibly allege she acted under color of state law or in concert with state actors. This argument mischaracterizes the detailed factual allegations in the Complaint.

The First Amended Complaint alleges numerous specific facts demonstrating that Defendant DeVall acted jointly with state actors—specifically, officers of the East Fishkill Police Department (EFPD) and Dutchess County Sheriff's Office (DCSO)—to deprive Plaintiff of his constitutional rights:

• EFPD officers affirmatively instructed DeVall to seek an ex parte Temporary Order of Protection (TOP) in Family Court to exclude Plaintiff from his lawful residence (¶ 55; see also ¶ 58, where DeVall testified under oath that "both EFPD and MacKay instructed her to file the TOP to prevent Plaintiff from occupying the Residence").

• EFPD officers coordinated with and relied upon the legal advice of Defendant MacKay, DeVall's attorney, to enforce the unlawful lockout and threatened Plaintiff with arrest for trespass absent a court order, despite Plaintiff's proof of lawful residency (¶¶ 52-55, 59-63).

• At DeVall's request, EFPD officers conducted a warrantless search of the Residence to seize Plaintiff based on DeVall's false report that Plaintiff "stole" a jointly owned vehicle (¶ 83).

• EFPD and DCSO officers physically barred Plaintiff's reentry to his home, refused to recognize his documentary proof of residency (driver's license, vehicle registration, mail), and enforced DeVall's self-help lockout by threatening arrest (¶¶ 47, 52-54).

• EFPD officers refused to investigate or remedy the unlawful eviction under RPAPL § 768 despite Plaintiff's requests and provision of New York Attorney General guidance (¶¶ 56, 65).

• EFPD officers accepted and ratified DeVall's and MacKay's misrepresentations, including the false "voluntary abandonment" theory (over Plaintiff's continued objections) without conducting an independent investigation or obtaining sworn statements of materiality from DeVall and refusing Plaintiff's efforts to do so (¶¶ 61-63, 66-67, 70).

• DeVall knowingly made material misrepresentations to law enforcement and the Family Court—including false claims that Plaintiff "voluntarily" vacated the Residence and that he stole "her" vehicle of which she was "sole owner"—which EFPD and the Court relied upon to maintain Plaintiff's exclusion and obtain the ex parte TOP starting on November 16, 2022 and subsequently renewed on the same representations to present (¶¶ 30, 81, 86-89, 95, 102, 106).

These allegations, accepted as true and construed in Plaintiff's favor as required at the pleading stage, establish a "meeting of minds" or "mutual understanding" between DeVall and state actors sufficient to constitute joint action under color of law. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970) (private party acts under color of state law when acting "together with or has obtained significant aid from state officials"); *Ciambriello v. County of Nassau*, 292 F.3d 307, 323-24 (2d Cir. 2002) (joint action exists where private party and state actor share common, unconstitutional goal and state actively participates).

The Complaint does not rely on "conclusory assertions." It alleges **who** (DeVall, MacKay, EFPD officers), **what** (lockout enforcement, arrest threats, warrantless search; creation, reliance, and maintenance of knowingly false misrepresentations), **when** (specific dates from September 2022 through present), **where** (the Residence, EFPD headquarters, Family Court), and **how** (communicating, coordinating, instructing DeVall to seek an ex parte TOP based on knowing false representations, absent probable cause, enforcement through arrest threats, and manufacturing new false narratives to coverup and justify their unlawful actions).

2.  **The Complaint Adequately Pleads Conspiracy Under 42 U.S.C. § 1985(3)**

Defendant DeVall argues the conspiracy allegations are "wholly conclusory" and fail to allege a specific agreement, timeline, or overt acts. This is incorrect. The Complaint alleges:

• **Agreement/Meeting of Minds:** DeVall, MacKay, and EFPD/DCSO officers reached an understanding to maintain Plaintiff's exclusion from his home through self-help lockout, threats of arrest, refuse to enforce unlawful eviction law against DeVall, manufacturing and maintaining false material narratives, and procurement/extension of judicial process on knowingly false statements (¶¶ 34, 121).

• **Timeline:** The conspiracy began on or about September 1, 2022, when DeVall changed the locks (¶ 47), and continued through coordinated police enforcement (September 12-November 2024), procurement of the ex parte TOP (November 16, 2022), and serial extensions of that TOP for over 1,270 days to present (¶¶ 92-94, 98).

• **Overt Acts in Furtherance:** (a) DeVall's self-help lockout (¶ 47); (b) DeVall's false reports to police (¶¶ 51, 83, 86); (c) EFPD's enforcement of the lockout through arrest threats (¶¶ 54-55); (d) coordination between DeVall, MacKay, and EFPD absent probable cause, instructing DeVall to seek an ex parte TOP (¶¶ 55, 58); (e) DeVall's filing of false sworn statements to

obtain the TOP (¶¶ 86-89); (f) EFPD's warrantless search at DeVall's request (¶ 83); (g) manufacturing new narratives, and repeated representations by MacKay and DeVall to obtain extensions of the TOP based on the original false allegations (¶¶ 94, 98).

• **Deprivation of Rights:** Plaintiff was deprived of his Fourth and Fourteenth Amendment rights to be free from unreasonable seizure of his property, possessory, and liberty interests, and to procedural due process (¶¶ 109-110, 121).

These factual allegations satisfy *Twombly/Iqbal* pleading standards. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff is not required to plead evidence or prove his case at the pleading stage.

### 3. Subject Matter Jurisdiction Exists

Defendant DeVall argues the Court lacks subject matter jurisdiction because the Complaint fails to state a federal claim against her. This argument is circular: the existence of subject matter jurisdiction depends on whether the Complaint states a federal claim, which is a Rule 12(b)(6) question, not a Rule 12(b)(1) question. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 511 (2006) (distinguishing *jurisdictional* from *merits* questions).

The Court plainly has federal question jurisdiction under 28 U.S.C. § 1331 based on the federal civil rights claims asserted under 42 U.S.C. §§ 1983, 1985, and 1986. Whether those claims ultimately succeed is a merits question, not a jurisdictional one.

Moreover, even if the federal claims against DeVall were dismissed, the Court would retain supplemental jurisdiction over the substantial state law claims under 28 U.S.C. § 1367(a), and whether to exercise that jurisdiction is discretionary under § 1367(c). Given that this case involves extensive factual overlap between federal and state claims, substantial judicial resources have already been invested, and the case involves important questions of state law regarding

unlawful evictions under RPAPL § 768, the Court should retain supplemental jurisdiction even if any federal claims are dismissed. *See Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003).

### 4. The Complaint States Plausible State Law Claims

The First Amended Complaint asserts nineteen causes of action, including numerous state law claims that are independently viable against Defendant DeVall even if the Court were to dismiss federal claims (which it should not):

- Unlawful Eviction under RPAPL §§ 711, 768, 853 (Seventeenth Claim)
- Defamation (Sixth Claim)
- Fraud and Constructive Fraud (Seventh Claim)
- Conversion (Twelfth Claim)
- Unjust Enrichment (Eighth Claim)
- Breach of Fiduciary Duty (Fourteenth Claim)
- Civil Conspiracy (Fifth Claim)
- Intentional Infliction of Emotional Distress (Sixteenth Claim)
- Abuse of Process (Eleventh Claim)
- Constructive Trust (Eighteenth Claim)

Each of these claims is supported by detailed factual allegations. For example:

- RPAPL § 768 makes it a criminal misdemeanor to willfully exclude a lawful occupant without judicial process. The Complaint alleges DeVall changed the locks on September 1, 2022, locked Plaintiff out again on September 12, 2022, and employed EFPD to enforce his exclusion without a warrant of eviction or court order (¶¶ 47, 157-159).

     • Fraud requires a knowing misrepresentation of material fact made with intent to induce reliance, reasonable reliance, and damages. The Complaint alleges DeVall knowingly made false statements under penalty of perjury that Plaintiff "voluntarily" abandoned the Residence and stole "her" vehicle of which she was "sole owner," which law enforcement and the Family Court relied upon and Family Court continues to rely upon (¶¶ 81, 86-89, 134-135).

     • Defamation per se includes false accusations of criminal conduct. The Complaint alleges DeVall falsely accused Plaintiff of theft and criminal trespass (¶¶ 83, 86, 131-132). These state law claims are well-pled and independently support this Court's exercise of jurisdiction.

### III. PLAINTIFF'S REQUEST

For the foregoing reasons, Plaintiff respectfully requests that the Court:

**A**. Grant Defendant DeVall leave to file a late responsive pleading *nunc pro tunc*, if the Court deems appropriate;

**B**. Deny Defendant DeVall's anticipated motion to dismiss, or in the alternative, deny the request for a pre-motion conference and require Defendant to file a responsive pleading; and

**C**. If the Court determines a pre-motion conference is warranted, Plaintiff will participate.

### IV. ALTERNATIVE REQUEST

In the alternative, if the Court is inclined to grant a pre-motion conference, Plaintiff respectfully requests an opportunity to be heard on the merits of the anticipated motion and, if necessary, leave to file a Second Amended Complaint to further amplify the factual allegations regarding state action and conspiracy or any aspect of the pleading requiring additional specificity.

Plaintiff notes that discovery has not yet commenced, and dismissal at this preliminary stage—before Plaintiff has had an opportunity to obtain documents, communications, and testimony regarding the coordination between DeVall, MacKay, and law enforcement—would be premature and prejudicial.

## V. CONCLUSION

The First Amended Complaint sets forth detailed, non-conclusory factual allegations supporting both federal civil rights claims and state law claims against Defendant DeVall. Those allegations, accepted as true and construed in Plaintiff's favor, establish plausible claims for relief. Dismissal is not warranted.

Plaintiff respectfully requests the Court deny Defendant DeVall's request for a pre-motion conference and require her to file a responsive pleading. In the alternative, Plaintiff is prepared to participate in a conference if the Court deems it necessary, or provide additional specificity through a second amended complaint.

Thank you for Your Honor's consideration.

**Dated**: February 9, 2026
Fishkill, New York

---

The Court waives the pre-motion conference requirement and grants Defendants leave to proceed with a motion to dismiss Plaintiff's First Amended Complaint, in accordance with the following briefing schedule:
- Defendant's motion papers shall be served (not filed) on March 12, 2026;
- Plaintiff's opposition papers shall be served (not filed) on April 13, 2026; and
- Defendant's reply papers shall be served on April 29, 2026.

The parties are directed to file all motion documents on the reply date, April 29, 2026. The parties are further directed to mail two physical copies and email one electronic copy to Chambers of all motion documents at the time they are served.

Dated: February 10, 2026
White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

8 of 8