**LAW OFFICE OF KEVIN ROSENBERG PLLC**
8 N. Front Street, Suite 1102
Kingston, NY 12401
845-527-4474
Kevin@kjrlawfirm.com
Attorney for Ms. Jeanine DeVall

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __2/25/26__
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br>PATRICK FLEMING,<br>            Plaintiff,<br>v.<br><br>TOWN OF EAST FISHKILL; EAST FISHKILL POLICE DEPARTMENT; INDIVIDUAL EFPD OFFICERS; COUNTY OF DUTCHESS; DUTCHESS COUNTY SHERIFF'S OFFICE; INDIVIDUAL DCSO DEPUTIES; JEANINE A. DEVALL; and KEVIN M. MACKAY, | CASE NO.: 7:25-cv-08734-NSR |

**MEMO ENDORSED**

### NOTICE OF DEFENDANT JEANINE A. DEVALL'S MOTION TO DISMISS

Please take notice that upon the accompanying Memorandum of Law, and all prior pleadings and proceedings, Defendant Jeanine A. DeVall ("Ms. DeVall") will move this Court, at a date and time to be set by the Court, for an order for an order pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) dismissing all claims against Ms. DeVall with prejudice, and granting such other and further relief as the Court deems just and proper.

Dated: February 24, 2026
      Kingston, NY

Very Respectfully,

*Kevin J. Rosenberg*
_____
Kevin J. Rosenberg, Esq.
Kevin Rosenberg PLLC
Attorney for Jeanine DeVall
8 N. Front St. Suite 1102
Kingston, NY 12401
(845) 527-4474

---

The Court strikes ECF No. 53 as improper and for failure to comply with the briefing schedule set forth in ECF No. 49. Defendant DeVall's moving papers shall be **served**, but not filed, on March 12, 2026. All motion documents shall be **filed on ECF** on the reply date, May 12, 2026.

The Clerk of Court is directed to terminate the motion at ECF No. 53 and to strike it.
Dated: February 25, 2026
      White Plains, NY

SO ORDERED:

*[signature]*
NELSON S. ROMÁN
United States District Judge

**LAW OFFICE OF KEVIN ROSENBERG PLLC**
8 N. Front Street, Suite 1102
Kingston, NY 12401
845-527-4474
Kevin@kjrlawfirm.com
Attorney for Ms. Jeanine DeVall

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: : | |
| PATRICK FLEMING, : | CASE NO.: 7:25-cv-08734-NSR |
|                Plaintiff, : | |
|     v. : | |
| : | |
| TOWN OF EAST FISHKILL; EAST FISHKILL : | |
| POLICE DEPARTMENT; INDIVIDUAL EFPD : | |
| OFFICERS; COUNTY OF DUTCHESS; : | |
| DUTCHESS COUNTY SHERIFF'S OFFICE; : | |
| INDIVIDUAL DCSO DEPUTIES; : | |
| JEANINE A. DEVALL; and : | |
| KEVIN M. MACKAY, : | |

## DEFENDANT JEANINE A. DEVALL'S MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT

**Preliminary Statement**

Plaintiff's First Amended Complaint ("FAC") attempts to convert a private domestic dispute into wide-ranging federal civil-rights claims against a private resident, Ms. Jeanine A. DeVall. The claims against Ms. DeVall fail for multiple, independent reasons: (1) the federal claims under 42 U.S.C. §§ 1983, 1985, and 1986 do not plausibly allege state action by Ms. DeVall; (2) the allegations show Ms. DeVall invoked judicial process in Family Court, which is not actionable as joint state action for § 1983 liability; (3) the § 1985 conspiracy claim is legally deficient and, in any event, barred absent a cognizable class-based animus; (4) the derivative § 1986 claim fails as a matter of law;

1

(5) numerous state-law claims are inadequately pleaded and duplicative of ongoing Family Court proceedings, and are otherwise subject to dismissal for failure to state a claim; and (6) multiple requests for equitable relief are improper and/or seek to interfere with ongoing state proceedings.

**Relevant Allegations as to Ms. DeVall**

- Plaintiff pleads that Defendant Jeanine A. DeVall "is a private individual who cohabited with Plaintiff in a marital-type relationship since 2014, has a minor child-in-common with Plaintiff, and holds title to the Residence at issue." Plaintiff identifies her as a "private actor."

- Plaintiff claims Ms. DeVall engaged in a "self-help" lockout, changed locks, and pursued Family Court relief, including an ex parte Temporary Order of Protection ("TOP"). Plaintiff alleges that on or about September 1, 2022, Ms. DeVall "unilaterally changed the locks" and later obtained "a full 'stay-away' and a 'no-contact' ex parte Temporary Order of Protection."

- Plaintiff further alleges Ms. DeVall made statements to law enforcement and in Family Court and that Family Court proceedings (custody, family offense, TOP, and alleged violation petition) remain pending. Plaintiff pleads that Ms. DeVall submitted a Family Offense Petition and obtained an ex parte TOP that has been extended, and that those Family Court proceedings "are still pending."

- Plaintiff's federal claims against Ms. DeVall rest on the theory that she allegedly acted "in concert" with law enforcement. The complaint asserts that Ms. DeVall "acting in concert with law enforcement and MacKay, participated in the unlawful

2

exclusion," and "acted jointly with state actors and willfully participated in the challenged conduct."

**Legal Standard**

To survive a Rule 12(b)(6) motion, a complaint must state a claim to relief that is plausible on its face. Conclusory assertions of conspiracy or state action are insufficient. A Rule 12(b)(1) motion is appropriate where the Court lacks subject matter jurisdiction, including where principles of abstention or jurisdictional bars apply.

**Argument**

**I. Section 1983 Claims Fail Because Ms. DeVall Is a Private Actor and the FAC Does Not Plausibly Allege State Action**

A private party is not liable under § 1983 absent a plausible allegation that she was a willful participant in joint activity with the State or its agents. The FAC concedes Ms. DeVall is a private individual and owner of the residence. The pleading identifies Ms. DeVall as "a private individual" and "private actor." The state-action theory is limited to conclusory assertions that she "acted jointly" or "in concert" with police and relied on communications with law enforcement and her counsel. Plaintiff alleges only that East Fishkill Police Department ("EFPD") and Dutchess County Sherrif's Office ("DCSO") officers "responded to the lockout," and that Ms. DeVall and her attorney interacted with them and pursued a TOP. Such interactions do not convert a private domestic dispute into state action.

3

Further, Plaintiff's own allegations show Ms. DeVall sought and obtained relief in Family Court, and that those proceedings continue. The FAC pleads that based on her filings, Ms. DeVall "obtained a full 'stay-away' and a 'no-contact' ex parte [TOP]" which has been extended, with proceedings still pending. Resort to court process, even if allegedly based on misstatements, does not transform a private party into a state actor for § 1983 purposes. The § 1983 claims against Ms. DeVall should be dismissed with prejudice.

## II. The FAC's Monell and Supervisory Allegations Do Not Salvage Claims Against Ms. DeVall

Monell and supervisory theories run against municipalities and officials, not a private resident. The Monell allegations concern EFPD, DCSO, the Town of East Fishkill, and Dutchess County; they do not provide a basis to impose municipal liability on Ms. DeVall. All such theories should be dismissed as to her.

## III. The § 1985(3) Conspiracy Claim Is Deficient and Lacks Necessary Elements

Plaintiff's § 1985(3) claim alleges an agreement among "all defendants" to deprive him of rights by maintaining an exclusion and using judicial process. The FAC asserts defendants "reached an agreement, combination, or understanding" to deprive Plaintiff of equal protection and used process "primarily to achieve collateral objectives." The claim fails because it relies on conclusory assertions, identifies no specific agreement or overt acts by Ms. DeVall beyond lawful petitioning and litigation, and does not allege any class-based, invidiously discriminatory animus. It should be dismissed.

4

## IV. The § 1986 Claim Fails Derivatively

Section 1986 liability is contingent on a viable § 1985 claim. Because § 1985 fails, § 1986 necessarily fails.

## V. State-Law Claims Against Ms. DeVall Are Inadequately Pleaded or Barred

A. Unlawful Eviction/Trespass and RPAPL Theories

Plaintiff's allegations challenge possession and access to a residence titled to Ms. DeVall and simultaneously ask this Court for declaratory and injunctive relief restoring possession. The FAC seeks declaratory judgment "affirming Plaintiff's lawful occupancy rights" and injunctive relief to restore access to the residence. These requests collide with ongoing Family Court TOP orders and related proceedings the FAC admits are pending. Plaintiff pleads custody, family offense, TOP, and violation proceedings "are still pending." The Court should dismiss or, at minimum, decline supplemental jurisdiction over these overlapping possession issues.

B. Defamation

The defamation claim identifies no actionable statements with requisite particularity attributable to Ms. DeVall outside privileged contexts, while conceding the statements at issue were made in or in connection with law enforcement reports and Family Court filings. The FAC alleges Ms. DeVall made reports to EFPD and submitted sworn papers supporting a Family Offense Petition and TOP. The claim is inadequately pleaded and should be dismissed.

C. Fraud and Constructive Fraud

The FAC's fraud theory rests on alleged misrepresentations made to law enforcement and courts concerning possession and vehicle ownership. Plaintiff alleges Ms. DeVall made "knowing misrepresentations" regarding occupancy and vehicle ownership in support of Family Court relief. These allegations lack particularized facts of justifiable reliance by Plaintiff and are duplicative of issues subsumed within pending Family Court matters; dismissal is warranted.

D. Malicious Prosecution and Abuse of Process

Plaintiff predicates malicious prosecution and abuse of process on Ms. DeVall's Family Court filings and the resulting TOP. The FAC alleges Defendants "initiated/continued judicial process (including FOP/TOP) against Plaintiff" and obtained a "full 'stay-away' and 'no-contact'" TOP. The FAC concedes the proceedings have not terminated in his favor and remain ongoing. Plaintiff pleads that the Family Court proceedings "are still pending." Malicious prosecution therefore fails as a matter of law. The abuse of process claim is likewise deficient because the alleged acts reflect the regular use of the courts to obtain protective orders in a domestic dispute.

E. Intentional Infliction of Emotional Distress and Private Nuisance

The IIED and nuisance claims rest on ordinary litigation and domestic-relations conduct that does not meet the extreme-and-outrageous threshold and improperly duplicate other tort theories. The FAC attributes to Ms. DeVall lockouts, reports to police, and Family Court applications for protection and custody. Dismissal is appropriate.

F. Constructive Trust, Accounting, Unjust Enrichment, Breach of Fiduciary Duty, and Joint Venture

6

These equitable and quasi-contract claims seek to adjudicate complex property and relationship rights intertwined with ongoing Family Court matters and title to a residence in Ms. DeVall's name. The FAC alleges title is in Ms. DeVall's name; Plaintiff seeks constructive trust, accounting, unjust enrichment, and related relief regarding the residence. The pleading lacks necessary particulars of any enforceable joint venture, fiduciary duty, or actionable breach beyond conclusory assertions, and invites federal entanglement with live state domestic proceedings. The Court should dismiss or decline supplemental jurisdiction.

## VI. Plaintiff's Requests to Override or Collaterally Attack Family Court Orders Should Be Dismissed

Plaintiff asks this Court to declare and restore his occupancy and to restrain enforcement while acknowledging existing TOP orders and continued Family Court jurisdiction. The FAC seeks declaratory and injunctive relief restoring access to the residence notwithstanding an ex parte TOP that has been extended and remains in effect. This Court should dismiss these requests to avoid interference with ongoing state proceedings concerning protection, custody, and contact.

## VII. In the Alternative, the Court Should Decline Supplemental Jurisdiction

If the federal claims are dismissed, the Court should decline supplemental jurisdiction over any remaining state-law claims to allow adjudication in state court.

**Conclusion**

For the foregoing reasons, Defendant Jeanine A. DeVall respectfully requests that the Court grant her motion and dismiss all claims against her with prejudice, together with such other and further relief as the Court deems just and proper.

Dated: February 24, 2026
      Kingston, NY

                                          Very Respectfully,

                                          *Kevin J. Rosenberg*
                                          Kevin J. Rosenberg, Esq.
                                          Kevin Rosenberg PLLC
                                          Attorney for Jeanine DeVall
                                          8 N. Front St. Suite 1102
                                          Kingston, NY 12401
                                          (845) 527-4474