UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

PATRICK FLEMING,

               Plaintiff,

                                        Civil Action No. 7:25-cv-08734-NSR

     -against-

TOWN OF EAST FISHKILL, et al.,

               Defendants.

_____

## PLAINTIFF'S CONSOLIDATED MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS

Plaintiff Patrick Fleming ("Plaintiff"), proceeding pro se, respectfully submits this Consolidated Memorandum of Law in Opposition to the motions to dismiss filed by: (i) the Town of East Fishkill and the individual East Fishkill Police Department ("EFPD") defendants; (ii) the County of Dutchess and the individual Dutchess County Sheriff's Office ("DCSO") defendants; (iii) Defendant Jeanine A. DeVall ("DeVall"); and (iv) Defendant Kevin M. MacKay, Esq. ("MacKay").

**TABLE OF CONTENTS**

**Page(s)**

PRELIMINARY STATEMENT ................................................................................. 1

STATEMENT OF FACTS ........................................................................................ 6

STANDARD OF REVIEW ....................................................................................... 6

ARGUMENT ............................................................................................................ 7

I.
ROOKER-FELDMAN DOES NOT BAR THIS ACTION ..................................... 7

II.
PLAINTIFF PLAUSIBLY STATES § 1983 CLAIMS AGAINST THE
INDIVIDUAL LAW ENFORCEMENT DEFENDANTS ..................................... 9

   A.
   Plaintiff Plausibly Alleges State-Assisted Exclusion Without
   Judicial Process .................................................................................................... 9

   B.
   Plaintiff Plausibly States Procedural Due Process Claims .............................. 10

III.
PLAINTIFF PLAUSIBLY ALLEGES JOINT ACTION AS TO DEVALL
AND MACKAY ..................................................................................................... 11

IV.
PLAINTIFF PLAUSIBLY STATES MONELL CLAIMS ................................... 13

V.
PLAINTIFF PLAUSIBLY STATES A CLAIM UNDER
JUDICIARY LAW § 487 ....................................................................................... 14

VI.
QUALIFIED IMMUNITY CANNOT BE RESOLVED AT THIS STAGE ......... ..................... 15

VII.
SUPPLEMENTAL JURISDICTION .................................................................... 16

CONCLUSION ...................................................................................................... 16

## TABLE OF AUTHORITIES

**Cases**

Adickes v. S.H. Kress & Co.,
398 U.S. 144 (1970) .......................................................................... 11, 12

Amalfitano v. Rosenberg,
12 N.Y.3d 8 (2009) ................................................................................ 14

Ashcroft v. Iqbal,
556 U.S. 662 (2009) ................................................................................ 6

Bell Atl. Corp. v. Twombly,
550 U.S. 544 (2007) ................................................................................ 6

Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,
544 U.S. 280 (2005) ................................................................................ 8

Fuentes v. Shevin,
407 U.S. 67 (1972) ............................................................................ 10, 15

Hoblock v. Albany County Bd. of Elections,
422 F.3d 77 (2d Cir. 2005) ...................................................................... 8

Lugar v. Edmondson Oil Co.,
457 U.S. 922 (1982) .............................................................................. 11

Monell v. Department of Social Services,
436 U.S. 658 (1978) .............................................................................. 13

Pembaur v. City of Cincinnati,
475 U.S. 469 (1986) .............................................................................. 13

Soldal v. Cook County,
506 U.S. 56 (1992) ............................................................................. 9, 15

Sprint Commc'ns, Inc. v. Jacobs,
571 U.S. 69 (2013) .................................................................................. 9

**Statutes and Constitutional Provisions**

42 U.S.C. § 1983 ............................................................................ passim

42 U.S.C. § 1985 .................................................................................... 2

42 U.S.C. § 1986 .................................................................................... 2

N.Y. Judiciary Law § 487 .................................................................. 14, 16

N.Y. RPAPL § 768 ............................................................................. 5, 13

U.S. Const. amend. IV ................................................................................................ 1

U.S. Const. amend. XIV ............................................................................................... 1

**PLAINTIFF'S CONSOLIDATED MEMORANDUM OF LAW IN OPPOSITION TO**

**DEFENDANTS' MOTIONS TO DISMISS**

Plaintiff Patrick Fleming ("Plaintiff"), proceeding pro se, respectfully submits this Consolidated Memorandum of Law in Opposition to the motions to dismiss filed by: (i) the Town of East Fishkill and the individual East Fishkill Police Department ("EFPD") defendants; (ii) the County of Dutchess and the individual Dutchess County Sheriff's Office ("DCSO") defendants; (iii) Defendant Jeanine A. DeVall ("DeVall"); and (iv) Defendant Kevin M. MacKay, Esq. ("MacKay").

## PRELIMINARY STATEMENT

This case concerns alleged state-assisted exclusion of Plaintiff from his longstanding residence and possessory interests without judicial eviction process, and the continued maintenance and ratification of that exclusion by municipal actors and private participants acting jointly with law enforcement personnel.

Plaintiff's federal claims arise principally under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments.

Plaintiff alleges that Defendants:

1. treated a private "Notice to Quit" ("NTQ") as operationally dispositive despite the absence of any judicial eviction process;

2. threatened trespass enforcement preventing Plaintiff's reentry despite objective indicia of lawful residency;

4

3.  coordinated or jointly participated in maintaining Plaintiff's exclusion from the Residence; and

4.  later adopted shifting justifications, including a "voluntary vacatur" narrative, to continue maintaining that exclusion.

Plaintiff expressly narrows and streamlines the case as follows:

1.  Plaintiff withdraws all claims under 42 U.S.C. §§ 1985 and 1986;

2.  Plaintiff withdraws all requests for injunctive relief seeking restoration of access to the Residence or otherwise requesting this Court vacate, modify, review, or interfere with any Family Court order;

3.  Plaintiff does not oppose dismissal of EFPD and DCSO as non-suable administrative arms; and

4.  Plaintiff does not oppose dismissal, without prejudice, of state-law claims against municipal defendants to the extent barred by New York notice-of-claim requirements or municipal timeliness provisions.

Accordingly, the remaining issues are narrow:

Whether Plaintiff plausibly alleges that state actors participated in or maintained a residential exclusion absent judicial eviction process, and whether Plaintiff plausibly alleges joint action between law enforcement personnel and private actors sufficient to state claims under § 1983.

Plaintiff is not asking this Court to sit in appellate review of Family Court proceedings. Plaintiff seeks damages and related relief for independent constitutional injuries allegedly arising from Defendants' conduct before and independent of any Family Court order.

**STATEMENT OF FACTS**

For purposes of Rule 12, Plaintiff's well-pleaded allegations must be accepted as true.

Plaintiff alleges that he lawfully resided at 40 Clearview Circle beginning in 2020 and maintained objective indicia of his residency there, including driver's license, vehicle registration, utilities, mail, tax returns, business records, and other documentation.  FAC ¶¶ 28, 40–42.

On July 28, 2022, Defendant MacKay issued a "Notice to Quit" asserting a "licensee" termination theory regarding Plaintiff's occupancy.

On September 12, 2022, EFPD records reflected that DeVall informed EFPD she had "filed for a termination of license." EFPD closed the matter as "no crime" and directed the parties to Family Court regarding "residency issues." FAC ¶¶ 45–47.

On September 24, 2022, EFPD personnel responded after DeVall reported Plaintiff had returned to the Residence.  Officers confirmed Plaintiff's vehicle registration and driver's license matched the Residence address.  EFPD nevertheless allegedly maintained Plaintiff's exclusion under threat of trespass enforcement despite acknowledging that no crime had occurred.  FAC ¶¶ 52–54.

Plaintiff alleges that no eviction judgment, warrant of eviction, marshal execution, or judicial eviction process existed at the time Defendants excluded Plaintiff from the Residence.

Plaintiff further alleges that EFPD personnel consulted multiple times directly with MacKay concerning Plaintiff's occupancy status.  Officer Brendan White stated during recorded conversations that he had spoken with MacKay regarding the legality of Plaintiff's occupancy and that MacKay had explained the legal basis for treating Plaintiff as a terminated "licensee." FAC ¶¶ 55, 63.

On September 26, 2022, during Family Court proceedings, DeVall's sworn testimony verified by certified transcripts, that both police personnel and MacKay instructed her to seek a Temporary Order of Protection ("TOP") rather than pursue eviction proceedings.  FAC ¶¶ 57–59.

Plaintiff alleges that contemporaneous police records affirmatively state Plaintiff had not "committed a crime" while explicitly advising DeVall to "…TO CONTACT FAMILY COURT IN ORDER TO OBTAIN AN ORDER OF PROTECTION." (EFPD Call # 22-16130)

Plaintiff alleges that after repeated objections were raised concerning the legality of the "licensee" in maintaining Plaintiff's exclusion absent judicial process, Defendants shifted to a "voluntary vacatur" rational while continuing to maintain Plaintiff's exclusion.

In recorded conversations, Officer White stated that the "voluntary vacatur" position appeared to be "the consensus" among EFPD, DeVall, and MacKay.  Plaintiff alleges this theory is contradicted by the contemporaneous EFPD records reflecting a different original rationale based on the licensee theory, supporting Plaintiff's allegation that the "voluntary vacatur" narrative was later developed as the only possible, not unlawful justification to continue his exclusion.

Plaintiff further alleges that he repeatedly contacted EFPD personnel, DCSO personnel, and MacKay requesting restoration to the Residence and clarification that the NTQ was not a judicial eviction order.

Plaintiff additionally alleges that supervisory personnel and policymakers later reaffirmed the challenged conduct after receiving notice of Plaintiff's objections and citations to RPAPL § 768 and New York Attorney General guidance concerning unlawful evictions.

**STANDARD OF REVIEW**

To survive a Rule 12(b)(6) motion, a complaint need only plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

The Court must accept well-pleaded factual allegations as true and draw reasonable inferences in Plaintiff's favor.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Dismissal under Rule 12(b)(1) is inappropriate where Plaintiff asserts claims arising under federal law and plausibly alleges constitutional injuries cognizable under § 1983.

**ARGUMENT**

**I. ROOKER-FELDMAN DOES NOT BAR THIS ACTION**

Defendants incorrectly characterize this case as a collateral attack on Family Court orders. It is not.

Plaintiff expressly withdraws any request that this Court restore Plaintiff to the Residence, vacate or modify any TOP, or otherwise interfere with Family Court proceedings or orders.

Plaintiff instead seeks damages and related relief for independent constitutional injuries arising from alleged state-assisted exclusion occurring before and independent of any Family Court order.

Rooker-Feldman applies only where a plaintiff complains of injuries caused by a state-court judgment and invites federal review and rejection of that judgment.  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005); Hoblock v. Albany Cnty.  Bd. of Elections, 422 F.3d 77 (2d Cir. 2005).

Here, Plaintiff's alleged injuries concern:

1. police-assisted exclusion absent judicial eviction process;

2. threats of trespass enforcement;

3. operational reliance upon a private Notice to Quit; and

4. coordinated conduct maintaining exclusion absent lawful eviction process.

Those alleged injuries are independent of any state-court judgment.

Accordingly, Rooker-Feldman does not apply.

Nor does Younger abstention warrant dismissal.  Plaintiff seeks damages for alleged constitutional violations and expressly avoids interference with ongoing Family Court proceedings.  See *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69 (2013).

## II. PLAINTIFF PLAUSIBLY STATES § 1983 CLAIMS AGAINST THE INDIVIDUAL LAW ENFORCEMENT DEFENDANTS

### A. Plaintiff Plausibly Alleges State-Assisted Exclusion Without Judicial Process

Plaintiff alleges longstanding lawful occupancy and objective indicia of residency known to EFPD and DCSO personnel.

Plaintiff further alleges:

- no eviction judgment existed;

- no warrant of eviction existed;

- no marshal execution occurred;

- no landlord-tenant proceeding authorized Plaintiff's removal; and

- officers nevertheless threatened trespass enforcement and maintained Plaintiff's exclusion.

The FAC plausibly alleges that officers treated MacKay's Notice to Quit as operationally authoritative despite the absence of judicial process.

Government participation in dispossession may constitute a Fourth Amendment seizure of possessory interests. *Soldal v. Cook County*, 506 U.S. 56 (1992). At minimum, Plaintiff plausibly alleges affirmative state participation in maintaining a residential exclusion absent judicial process.

## B. Plaintiff Plausibly States Procedural Due Process Claims

Plaintiff alleges deprivation of his home, property, and possessory interests through state-assisted conduct without judicial eviction procedures.

Due process generally requires notice and an opportunity to be heard before the State authorizes deprivation of protected property interests absent extraordinary circumstances. *Fuentes v. Shevin*, 407 U.S. 67 (1972).

At the pleading stage, Plaintiff plausibly alleges:

1. a protected possessory, property, or occupancy interest;

2. deprivation of that interest; and

3. state participation absent exigent circumstances or constitutionally sufficient process.

Whether Defendants ultimately acted lawfully presents factual issues inappropriate for resolution on a Rule 12 motion.

## III. PLAINTIFF PLAUSIBLY ALLEGES JOINT ACTION AS TO DEVALL AND MACKAY

Private actors may be liable under § 1983 where they jointly participate with state actors in challenged conduct. Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970).

Plaintiff alleges substantially more than ordinary private litigation advocacy or conduct. Specifically, Plaintiff alleges:

- MacKay initiated, advanced, and maintained the Notice to Quit "licensee" framework;

- DeVall repeated that framework directly to EFPD personnel;

- EFPD personnel consulted directly with MacKay concerning Plaintiff's occupancy;

- officers treated the Notice to Quit as operationally binding;

- exclusion continued absent judicial eviction process; and

- Defendants later adopted wholly new justification, including "voluntary vacatur," while continuing to maintain Plaintiff's exclusion.

Plaintiff further alleges that Officer White explicitly acknowledged coordinating his understanding of the matter with both MacKay and DeVall and referred to the "consensus" position among them.

At minimum, these allegations plausibly support coordinated participation sufficient to survive Rule 12 dismissal.

## IV. PLAINTIFF PLAUSIBLY STATES MONELL CLAIMS

Municipal liability exists where a constitutional violation results from municipal policy, custom, ratification, or deliberate indifference. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

Plaintiff narrows his Monell theory principally to policymaker ratification and deliberate reaffirmation.

Plaintiff alleges:

- repeated contacts with supervisory personnel;

- command-level review of the dispute;

- policymaker awareness of Plaintiff's objections;

- consultation with Town counsel;

11

- written reaffirmation that the matter would be treated as merely "civil"; and

- continued maintenance of the challenged conduct despite Plaintiff's repeated objections and asserted lawful occupancy and residency documentation.

Plaintiff further alleges that the Chief of Police, after consultation with the Town Attorney, expressly reaffirmed the Department's position in writing after Plaintiff invoked RPAPL § 768 and New York Attorney General unlawful eviction guidance.

A single decision by a final policymaker may constitute municipal policy. *Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986).

At the pleading stage, Plaintiff plausibly alleges policymaker ratification and deliberate continuation of the challenged conduct sufficient to proceed to discovery.

## V. PLAINTIFF PLAUSIBLY STATES A CLAIM UNDER JUDICIARY LAW § 487

Plaintiff alleges that MacKay knowingly advanced and reinforced false, inaccurate, or deliberately misleading factual and legal representations concerning Plaintiff's occupancy status and exclusion.

Plaintiff alleges:

- MacKay repeatedly advanced the NTQ/licensee framework to the police and Family Court;

- MacKay repeatedly advanced the "voluntary vacatur" assertion to the police and Family Court;

- Plaintiff repeatedly informed MacKay that Plaintiff had not voluntarily vacated;

- MacKay nevertheless continued representing in judicial proceedings that Plaintiff "voluntarily vacated" the Residence; and

12

- Those representations contributed to maintaining Plaintiff's exclusion from his home and property, and a continuation of Family Court restraints.

Judiciary Law § 487 focuses upon intentional deceit by an attorney during litigation. Amalfitano v. Rosenberg, 12 N.Y.3d 8 (2009).

At minimum, Plaintiff plausibly alleges intentional deceit sufficient to survive dismissal at the pleading stage.

## VI. QUALIFIED IMMUNITY CANNOT BE RESOLVED AT THIS STAGE

Qualified immunity is inappropriate where material factual disputes exist concerning:

- the extent of police participation;
- whether officers threatened trespass enforcement;
- whether officers treated the NTQ as legally dispositive;
- what residency information officers possessed;
- whether exclusion occurred absent lawful process; and
- the extent of coordination between Defendants.

At minimum, those issues require factual development.

Moreover, the right to be free from state-assisted dispossession absent judicial process was clearly established well before 2022. See Soldal, 506 U.S. at 61–62; Fuentes, 407 U.S. at 80–82.

## VII. SUPPLEMENTAL JURISDICTION

Plaintiff does not oppose dismissal without prejudice of municipal state-law claims barred by notice-of-claim or municipal timeliness provisions.

Plaintiff otherwise respectfully requests that the Court retain supplemental jurisdiction over remaining state-law claims, including Judiciary Law § 487.

## **CONCLUSION**

For the foregoing reasons, Defendants' motions to dismiss should be denied except to the limited extent Plaintiff voluntarily narrows or withdraws certain claims as set forth herein. Plaintiff respectfully requests that the Court:

1.  Deny dismissal of Plaintiff's remaining § 1983 claims;

2.  Deny dismissal of Plaintiff's Monell claims;

3.  Deny dismissal of Plaintiff's joint-action allegations against DeVall and MacKay;

4.  Deny dismissal of Plaintiff's Judiciary Law § 487 claim;

5.  Permit discovery to proceed; and

6.  Grant such other and further relief as the Court deems just and proper.

Dated: May 18, 2026
Fishkill, New York

Patrick Fleming
Plaintiff, *pro se*

14