UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

PATRICK FLEMING,

                       Plaintiff,

      -against-

TOWN OF EAST FISHKILL, et al.,

                  Defendants.
_____

Civil Case No.: 7:25-cv-08734

## DEFENDANT KEVIN M. MACKAY'S REPLY MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

Jonathan M. Bernstein, Esq. (512457)
*Attorneys for Defendant*
*Kevin M. MacKay*
8 Southwoods Boulevard, Suite 300
Albany, New York 12211
Tel:  (518) 463-5400

57221458.v2

**TABLE OF CONTENTS**

**Page(s)**

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................................ 1

COUNTER-STATEMENT OF FACTS .......................................................................................... 1

    A.   Facts ........................................................................................................................................ 1

    B.   The Claims Asserted ........................................................................................................ 2

DISMISSAL OF THIS ACTION AGAINST KEVIN MACKAY, ESQ., IS WARRANTED ...... 3

    A.   The Case Should Be Dismissed as Against MacKay Pursuant to the Rooker-Feldman Doctrine ................................................................................................................................ 3

    B.   The Complaint Fails to State a Claim for Relief As to MacKay ...................................... 3

        1.   First and Second Claims ......................................................................................... 3

        2.   Third, Fourth and Fifth Claims ............................................................................. 4

        3.   Sixth Claim ............................................................................................................ 4

        4.   Seventh Claim ........................................................................................................ 4

        5.   Tenth Claim and Eleventh Claim .......................................................................... 5

        6.   Twelfth Claim ........................................................................................................ 5

        7.   Fourteenth Claim ................................................................................................... 5

        8.   Sixteenth Claim ..................................................................................................... 5

        9.   Seventeenth Claim ................................................................................................. 6

        10.   Nineteenth Claim ................................................................................................ 6

CONCLUSION ................................................................................................................................ 7

57221458.v2

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acquah v. City of Syracuse*,
  2020 U.S. Dist. LEXIS 54667 [N.D.N.Y. Mar. 30, 2020] ........................................................3

*Guliyev v Banilov & Assoc., P.C.*,
  221 AD3d 589, 198 N.Y.S.3d 400 (2d Dep't 2023) ...................................................................6

*O'Donoghue v. United States SSA*,
  828 Fed. Appx. 784 (2d Cir. 2020) ...........................................................................................3

**Statutes**

42 USC Section 1985 .......................................................................................................2, 3, 4

CPLR 215 ................................................................................................................................4

CPLR 3016 ..............................................................................................................................4

Judiciary Law Section 487 .......................................................................................................3

RPAPL §§ 711, 768, 853 .........................................................................................................6

RPAPL 711 and 768 ................................................................................................................2

Section 1983 ............................................................................................................................4

**Other**

Rule 12 ...............................................................................................................................1, 7

ii

**PRELIMINARY STATEMENT**

Defendant Kevin M. MacKay submits this memorandum of law in response to plaintiff's opposition to and in further support of his motion to dismiss this action as against him in its entirety, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, due to lack of subject matter jurisdiction, and pursuant to Rule 12(b)(6) based on the First Amended Complaint's failure to state a claim and the application of the statute of limitations. For the reasons discussed more fully below and in MacKay's initial motion submissions, dismissal is warranted as the Court lacks subject matter jurisdiction due to the Rooker-Feldman doctrine. Dismissal is also warranted as plaintiff fails to state a cause of action, and there are claims that are time-barred. In any event, the request for punitive damages should be struck from the complaint.

**COUNTER-STATEMENT OF FACTS**

**A. Facts**

In response to MacKay's motion, Plaintiff submits that his claims now surround the Notice to Quit and its enforcement. According to the Complaint, on July 28, 2022, MacKay drafted and served a Notice to Quit and Terminate License ("NTQ") on Plaintiff to terminate his license to occupy DeVall's Residence in Hopewell Junction, New York. (Exhibit A at ¶ 45). What plaintiff overlooks is that in 2022, DeVall obtained an ex parte temporary order of protection (TOP) after submitting, with MacKay's help, a Family Offense Petition (FOP), which included a Domestic Incident Report (DIR), a supporting deposition, and officer narratives from East Fishkill Police Department P.O. White and P.O. Humphreys. *Id*. at ¶¶ 86, 88-89. Among other things, the TOP excluded Plaintiff from DeVall's property and required Plaintiff to remain at least 500 feet from DeVall. *Id*. at ¶ 90. The TOP also included a provision that barred all communications from Plaintiff to DeVall or MacKay, except for communications related to their child. *Id*. at ¶ 91. That TOP was upheld time and time again by Family Court despite motions challenging it by plaintiff.

1

Plaintiff focuses on the Notice to Quite yet overlooks that regardless of its existence, he is barred from the property due to the TOP issued by Family Court.

### B. The Claims Asserted

Plaintiff abandons many of his claims asserted against MacKay by not opposing parts of the motion to dismiss or failing to show how the claim is related to MacKay.  The First claim alleges Fourth and Fourteenth Amendment violations.  The Second alleges Monell liability.  These claims have nothing to do with MacKay and plaintiff has failed to demonstrate otherwise. The Third alleges a conspiracy pursuant to 42 USC section 1985 and the Fourth alleges a claim pursuant to 42 USC section 1986.  Plaintiff expressly abandons these two claims.

The Fifth alleges civil conspiracy under New York law.  The Sixth alleges defamation. The Seventh alleges fraud and constructive fraud.  The Eighth is for unjust enrichment and quantum meruit that is not asserted against MacKay.  The Ninth alleges violation of a joint venture agreement that is not asserted against MacKay.  The Tenth alleges malicious prosecution.  The Eleventh alleges abuse of process.  The Twelfth alleges conversion.  As to those claims asserted against MacKay, plaintiff presents no arguments pertaining to MacKay warranting dismissal and thus plaintiff has abandoned those claims.  The Thirteenth claim asserts a claim for an accounting that is not against MacKay.  The Fourteenth asserts breach of fiduciary duty and aiding and abetting, but there are no arguments presented as to MacKay with regard to opposing the motion to dismiss.  The Fifteenth asserts a claim for private nuisance that is not asserted against MacKay.

The Sixteenth asserts a claim for intentional infliction of emotional distress.  The Seventeenth asserts a claim for wrongful eviction, trespass and treble damages pursuant to RPAPL 711 and 768.  As to these two claims, again no arguments specific to MacKay are presented.  The Eighteenth asserts entitlement to imposition of a constructive trust that is not asserted as against

2

MacKay.  The Nineteenth alleges a violation of New York Judiciary Law section 487, which plaintiff opposes but his arguments lack merit as noted below.

**DISMISSAL OF THIS ACTION AGAINST KEVIN MACKAY, ESQ., IS WARRANTED**

**A. The Case Should Be Dismissed as Against MacKay Pursuant to the Rooker-Feldman Doctrine**

Dismissal of the action against MacKay is warranted under the *Rooker-Feldman* doctrine. Plaintiff contends that he is no longer challenging the Family Court decisions in this action to attempt to avoid the implications of this doctrine.  He attempts to focus entirely on the Notice to Quit.  However, plaintiff cannot avoid dismissal due to application of *Rooker-Feldman* doctrine. Apart from the Notice to Quit is the TOP excluding plaintiff from the subject property which originates from Family Court.  All roads lead back to Family Court, as any source of aggrievement that plaintiff alleges pertaining to being barred from the subject property stems from the TOP being in place regardless of the Notice to Quit.  Plaintiff may try to state otherwise, but his claims all relate back to seeking review of actions taken by Family Court – making this action barred due to lack of subject matter jurisdiction.

**B. The Complaint Fails to State a Claim for Relief As to MacKay**

**1.  First and Second Claims**

With respect to the First claim, asserting a 42 USC section 1983 claim against MacKay for violation of the Fourth and Fourteenth Amendments, the claim should be dismissed as plaintiff fails to show how MacKay is a state actor (See *O'Donoghue v. United States SSA*, 828 Fed. Appx. 784, 787 (2d Cir. 2020).  Plaintiff's arguments are directed at the law enforcement defendants, not MacKay. As for the Second Claim, Monell does not apply to private individuals; it only applies to the government.  Dismissal is therefore warranted for this reason as well (See *Acquah v. City of Syracuse*, 2020 U.S. Dist. LEXIS 54667, at *4 [N.D.N.Y. Mar. 30, 2020]).

3

In any event, plaintiff now argues that MacKay is a joint actor with law enforcement because he initiated the Notice to Quit and its enforcement by law enforcement.  Plaintiff fails to show how this equates to a violation of his constitutionally protected rights.  He also fails to appreciate the fact that the TOP kept him out of the property, which was judicially issued and enforceable.  Again, plaintiff ignores the implications of the TOP and relies solely on the Notice to Quit to facilitate his arguments, which lack merit.  Even without the Notice to Quit, law enforcement would have to enforce the TOP, since it is court ordered.  There simply is no section 1983 claim against MacKay, as he is not a state actor and there is no underlying civil rights violation to premise plaintiff's claim.

### 2.    Third, Fourth and Fifth Claims

The Third Claim alleges a conspiracy pursuant to 42 USC section 1985 and the Fourth alleges a claim pursuant to 42 USC section 1986.  Plaintiff expressly abandons these claims.  The Fifth alleges civil conspiracy under New York law for which plaintiff makes no arguments in support of upholding that claim.  Dismissal is thus warranted for each.

### 3.    Sixth Claim

The Sixth Claim for defamation fails because it is time barred. Pursuant to CPLR 215(3), defamation has a one-year statute of limitations.  So all claims prior to October 21, 2024 (one year from filing this action on October 21, 2025) are time-barred (Docket No. 1).  Also, plaintiff does not oppose that part of the motion.

### 4.    Seventh Claim

Plaintiff's fraud and constructive fraud claim warrants dismissal as well because it fails to comply with the heightened pleading requirements of CPLR 3016(b) and plaintiff makes no argument in opposition.

57221458.v2

### 5.    Tenth Claim and Eleventh Claim

Plaintiff's Tenth Claim for malicious prosecution also fails to state a claim as plaintiff admits he does not have a favorable termination in the underlying Family Court matter.  Plaintiff makes no arguments in opposition to the motion to dismiss as to this claim.  The same holds for the Eleventh claim of abuse of process, thus warranting dismissal of that claim as well.

### 6.    Twelfth Claim

Plaintiff's Twelfth Claim, asserting conversion due to inference with his alleged right to the premises, fails as plaintiff presents no arguments in opposition.

### 7.    Fourteenth Claim

In his Fourteenth claim for relief, Plaintiff alleges that DeVall owed him fiduciary duties arising from a "confidential relationship/joint venture," which DeVall allegedly breached by excluding plaintiff. However, the pleadings fail to make clear what the confidential relationship/joint venture is that MacKay allegedly owed Plaintiff a fiduciary duty of care with respect to.  Plaintiff presents no viable arguments in response to the motion, thereby warranting dismissal of this claim.

### 8.    Sixteenth Claim

Plaintiff's sixteenth claim for relief, alleging that all defendants engaged in extreme and outrageous conduct in the alleged self-help eviction and forced expulsion, which as a result, "intentionally or recklessly" caused plaintiff to suffer severe emotional distress and damages, is also insufficient as a matter of law.  Plaintiff makes no viable arguments in response to dismissal of this claim.

5

57221458.v2

### 9.    Seventeenth Claim

The Seventeenth Claim alleges wrongful/unlawful eviction and trespass, and seeks treble damages (RPAPL §§ 711, 768, 853). Plaintiff alleges that he was a lawful occupant of the home which defendants dispossessed him of, without a warrant of eviction or court order, and thus plaintiff is entitled to statutory relief, including treble damages. This claim is also insufficient as previously demonstrated and plaintiff presents no viable arguments in opposition. MacKay did not evict plaintiff from the premises.  The Court order of protection warranted a full stay away from DeVall.  It is the order of protection that resulted in plaintiff being unable to access the residence not MacKay.  Thus, there simply is no basis for this claim against MacKay as well.

### 10.    Nineteenth Claim

Finally, the Nineteenth claim, pursuant to N.Y. Jud. Law 487, fails to state a claim because it fails to plead scienter, or that plaintiff was proximately caused to be damaged as a result of MacKay's allegedly deceitful conduct.  Boiled down, plaintiff argues that by use of the Notice to Quit MacKay excluded plaintiff from the residence.  Plaintiff still fails to show that MacKay engaged in deceit or collusion with intent to deceive the court or a party by making knowingly false material statements and by omissions calculated to mislead (*see Guliyev v Banilov & Assoc., P.C.*, 221 AD3d 589, 591, 198 N.Y.S.3d 400 (2d Dep't 2023)*.  Again, putting aside the Notice to Quit, the TOP kept plaintiff out of the premises which was issued by Family Court.  Plaintiff's issues are with Family Court not MacKay.  Dismissal is thus warranted for this claim as well.

6

## CONCLUSION

For the reasons stated above, it is respectfully submitted that an Order is warranted dismissing this action, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, due to lack of subject matter jurisdiction and, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, based on failure to state a claim. In any event, the demand for issuance of punitive damages should be stricken from the Complaint.

Dated: June 1, 2026                                       _____
                                                          Jonathan M. Bernstein, Esq.

7

57221458.v2