UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

PATRICK FLEMING,

                                Plaintiff,

   -against-                                       7:25:cv-08734-NSR

TOWN OF EAST FISHKILL, EAST FISHKILL POLICE
DEPARTMENT ("EFPD"), EFPD Officers in their individual
and official capacities including:  CHRISTOPHER BELLINO,
former Chief of Police, JUSTINO BERMUDEZ, Sgt., BRET A.
FINLANCIA, Officer, ALEXANDER J. HUMPHREYS, Sgt.,
MATTHEW C. MALICAN, Officer, GREGORY M. STANIS,
Lt., ALBERT J. TAURONE, Officer, BRENDAN J. WHITE,
Officer, and John/Janes Does 1-10, COUNTY OF DUTCHESS,
DUTCHESS COUNTY SHERIFF'S OFFICE ("DCSO"), DCSO
Deputies in their individual and official capacities, including:
JAMES G. FLANAGAN, Det., KIRK A. IMPERATI, Sheriff,
JONATHAN T. SNOWDON, Sgt., and John/Jane Does 11-20,
JEANINE A. DEVALL, private actor, KEVIN M. MACKAY,
private actor,

                            Defendants.
-------------------------------------------------------------------------x

**DEFENDANTS COUNTY OF DUTCHESS, DUTCHESS COUNTY
SHERIFF'S OFFICE, JAMES G. FLANAGAN, KIRK A.
IMPERATI AND JONATHAN T. SNOWDON'S REPLY
MEMORANDUM OF LAW IN SUPPORT OF DISMISSAL**

SOKOLOFF STERN LLP
Kimberly Hunt Lee
*Attorneys for Defendants County of Dutchess,*
*Dutchess County Sheriff's Office, Flanagan,*
*Imperati and Snowdon*
80 Washington Street, Suite 100
Poughkeepsie, NY  12601
(845) 262-6333

**TABLE OF CONTENTS**

**Page(s)**

Preliminary Statement…………………………………………………………………1

POINT I

    The Court Lacks Subject Matter Jurisdiction……………………………………1

POINT II

    The 42 U.S.C. §1983 Claims Against The County Defendants Must
    Be Dismissed………………………………………………………………..2

POINT III

    The *Monell* Claim Fails Against the County……………………………..4

POINT IV

    Qualified Immunity………………………………………………….6

Conclusion………………………………………………………………...6

# TABLE OF AUTHORITIES

Page(s)

Cases

*Castilla v. City of New York*,
  2013 WL 1803896 (SDNY, 2013) ...................................................................................... 2

*City of Okla. City v. Tuttle*,
  471 U.S. 808 (1985) .......................................................................................................... 5

*Cornejo v. Bell*,
  592 F.3d 121 (2d Cir., 2010) ............................................................................................ 2

*Davis v. City of New York*,
2008 WL 2511734 (SDNY, 2008)......................................................................................... 5

*DeShaney v. Winnebago County Department of Social Services*,
  489 U.S. 189 (1989) ...................................................................................................... 2, 4

*Harlow v. Fitzgerald*,
  457 U.S. 800 (1982) .......................................................................................................... 6

*Harrington v. Cnty. of Suffolk*,
  607 F.3d 31 (2d Cir., 2010) .............................................................................................. 4

*Hoblock v. Albany Cty. Bd. of Elections*,
  422 F.3d 77 (2d Cir., 2005) .............................................................................................. 2

*Inc. v. Already, LLC*,
  663 F.3d 89 (2d Cir., 2011) .............................................................................................. 2

*Pearson v. Callahan*,
  555 U.S. 223 (2009) .......................................................................................................... 6

*Ray v. New York City Office of the Sheriff*,
  2018 WL 1583300 (SDNY, 2018) ..................................................................................... 3

*Robinson v. New York City Dep't of Educ.*,
  2021 WL 4340825 (SDNY, 2021) ..................................................................................... 4

*Soldal v. Cook County*,
  506 U.S. 56 (1992) ............................................................................................................ 3

*Spargo v. N.Y. Comm'n on Judicial Conduct*,
  351 F.3d 65 (2d Cir., 2003) ................................................................................................ 2

*Star v. Burlington Police Dep't*,
  189 F.3d 462 (2d Cir.,1999) ............................................................................................... 4

*Stone v. Dept. of Investigation of City of New York*,
  1992 WL 25202 (SDNY, 1992) ......................................................................................... 4

*Tracy v. Freshwater*,
  623 F.3d 90 (2d Cir., 2010) ............................................................................................... 6

Statutes

42 U.S.C. §1983 ................................................................................................................ 1, 2, 4

**PRELIMINARY STATEMENT**

Plaintiff's First Amended Complaint ("FAC") as against Dutchess County; the Dutchess County Sheriff's Office; Sheriff Kirk Imperati; Det. James Flanagan and Sgt. Jonathan Snowdon (collectively, the "County" defendants or "DSCO personnel" unless otherwise individually referred to) must be dismissed. He states no viable claim against either the County or its individual officers. The County was not involved in any constitutional deprivation, and the fact plaintiff asked for a Sheriff's opinion, and wanted him to investigate certain claims does not support a §1983 claim. Further, there are zero allegations in the FAC to support any *Monell* claim against the County.

In opposition to the County's motion, plaintiff abandoned several claims and asserts that he is only pursuing the §1983 and *Monell* claims against it. (Pl. Opp. at p. 5). However, as argued in initially, he fails to plead the personal involvement of any of the named County officers in any constitutional violation, or that there was even a constitutional violation, and the FAC does not allege any policy or custom, and relies on his own experience which is insufficient to state a claim under *Monell*. Further, the County defendants are entitled to qualified immunity as the Sheriff's did not violate any clearly established right of the plaintiff in failing to investigate his claim that he was unlawfully dispossessed of his property – particularly in this case where his allegations had already been reported to another police agency.

**POINT I**

**THE COURT LACKS SUBJECT MATTER JURISDICTION**

The court lacks subject matter jurisdiction. A case is properly dismissed under Rule 12(b)(1) when the District Court lacks the statutory or constitutional power to adjudicate it. *Nike,*

1

*Inc. v. Already, LLC*, 663 F.3d 89, 94 (2d Cir., 2011). Despite plaintiff's argument to the contrary, the FAC is nothing more than an collateral attack on the Family Court proceedings and the prior orders it issued. He seeks relief, in the form of *inter alia* damages, because he was excluded from his property without any lawful eviction. This necessarily challenges the state court order. His claims are barred by the *Rooker-Feldman* Doctrine. See, *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir., 2005). If not barred by *Rooker-Feldman*, *Younger* abstention applies, and this court should not interfere with ongoing state court proceedings. *Spargo v. N.Y. Comm'n on Judicial Conduct*, 351 F.3d 65, 75 (2d Cir., 2003).

## POINT II

### THE 42 U.S.C. §1983 CLAIMS AGAINST THE COUNTY DEFENDANTS MUST BE DISMISSED

Plaintiff's opposition on this point seems to group the police defendants together, failing to distinguish between the conduct of the members of the County Sheriff and the officers from the East Fishkill Police Department ("EFPD"). To be clear, the County defendants had *nothing* to do with his removal from the property. There are no allegations the DSCO personnel were involved in plaintiffs' "eviction" from the property, and the fact they didn't investigate or take steps to protect plaintiff against DeVall is not actionable. *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 190 (1989). To assert a claim under Section 1983, a plaintiff must allege "(1) the challenged conduct was attributable to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed by the U.S. Constitution." *Castilla v. City of New York*, 2013 WL 1803896, *2 (SDNY, 2013); see *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir., 2010). There are no allegations of improper conduct

2

by any Deputy Sheriff to satisfy the pleading standards and the FAC as against them must be dismissed.

While plaintiff argues that DCSO personnel "knew" of his "longstanding lawful occupancy and objective indicia of residency." (Pl. Opp. at p. 9). There are no such corresponding allegations in the FAC. (Lee Aff't., Exhibit "A"). Even if there were, this does not state a claim. *Soldal v. Cook County*, 506 U.S. 56 (1992) cited by plaintiff does not require a different result. First, there are no allegations that the County evicted the plaintiff or otherwise dispossessed him of his property, making *Soldal, Id.* inapplicable. There was no seizure alleged by the County. Plaintiff's only allegations related to it are that Sgt. Snowdon responded to an inquiry plaintiff submitted regarding DSCO's role in enforcing RPAPL §768 and that Det. Flanagan took a Domestic Incident Report from the plaintiff; he contacted the EFPD, "accepted their narrative" and closed his investigation, which perpetuated plaintiff's ongoing exclusion from the residence.  (FAC, ¶¶73-75). As for Sheriff Imperati, he knew or should have known that DCSO officers were enforcing or acquiescing in self-help residential lockouts, absent judicial eviction process. Even if this is true, it does not suggest that DSCO officers removed him from his premises, or that there was an unlawful seizure (or a seizure at all). Regardless, the evidence that can be considered on this motion submitted by defendant MacKay shows there was a valid order of protection issued by the court. (Bernstein Decl. Exhibits "D", "F", "I", "J", "L", "N", "R"). Plaintiff cannot establish that the DCSO violated the Fourth Amendment, or acted unreasonably, particularly when he doesn't allege the Sheriff's office was involved in any actual seizure. *Ray v. New York City Office of the Sheriff*, 2018 WL 1583300 (SDNY, 2018).

3

The gravamen of his complaint against the County is that it did not take steps to either prevent DeVall's actions or enforce the plaintiff's asserted rights against DeVall to continue his occupancy at the DeVall residence (See, FAC, ¶¶ 54, 56, 62-63, 97). But the alleged failure to prevent the supposedly unlawful or wrongful actions of DeVall in relation to the plaintiff, or to assist the plaintiff in enforcing his claimed rights in relation to DeVall do not state a constitutional violation as against the County.

Neither does the FAC state a due process claim against the County or its' individual officers. "Nothing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors." *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189 (1989). The County Defendants did not violate plaintiff's rights by failing to take measures to prevent DeVall from taking the actions he complains of here. See, *Star v. Burlington Police Dep't*, 189 F.3d 462 (2d Cir.,1999). It is well established that "[t]here is ... no constitutional right to an investigation by government officials." *Stone v. Dept. of Investigation of City of New York*, 1992 WL 25202, at *2 (SDNY, 1992); accord, *Harrington v. Cnty. of Suffolk*, 607 F.3d 31, 35–36 (2d Cir., 2010).

For these reasons the plaintiff has not stated any 42 U.S.C. §1983 claim against the County Defendants.

## POINT III

## THE *MONELL* CLAIM FAILS AGAINST THE COUNTY

The FAC fails to plead a viable *Monell* claim. In his opposition, plaintiff only mentions the Chief of Police, and the Town defendants, and arguably has abandoned his claims against the County since there is no response to the arguments made by it. See, *Robinson v. New York City*

4

*Dep't of Educ.*, 2021 WL 4340825, at *9 (SDNY, 2021) ("When a party fails to oppose a defendant's arguments in responding to that defendant's motion to dismiss, the claim at issue is deemed abandoned." (internal quotation marks omitted)).

Regardless, were the court to determine that the plaintiff did not abandon his *Monell* claim against the County, it still fails as a matter of law. Plaintiff generally alleges a failure to train and supervise officers regarding unlawful evictions. (FAC, ¶119). He claims that Sheriff Imperati inter alia "knew or should have known" that DCSO officers were enforcing or acquiescing in self-help residential lockouts; relying on legally defective Notices to Quit, and failed to intervene, discipline or correct those practices. (FAC, ¶¶23-26). But these allegations do not establish a constitutional violation by any DSCO officer. The fact the DSCO "responded" to his inquiry does not implicate any constitutional right. (FAC, ¶73). Neither does the fact that plaintiff filed a domestic incident report but doesn't like how Det. Flanagan investigated it. (FAC, ¶¶74-75). There is no claim that the DSCO removed him from the property, just that it did not restore his alleged tenancy, which the FAC does not even establish was lawful from the outset, and the fact the DSCO did not restore his tenancy or help him is not actionable. "Conclusory allegations that a municipality failed to train and supervise its employees" are insufficient to state a *Monell* claim absent supporting factual allegations. *Davis v. City of New York*, 2008 WL 2511734 (SDNY, 2008).

And "proof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." *City of Okla. City v. Tuttle*, 471 U.S. 808, 823–24 (1985).

5

The sole fact the Sheriff is named as a defendant and is alleged to have final decision-making authority for the County, without more, doesn't satisfy the pleading requirements for a *Monell* claim. There are no facts in the FAC to establish there was any County custom or policy to dispossess individuals of their property; to support unlawful evictions; or even to fail to investigate claims asserted regarding the same. This claim cannot stand.

### POINT IV

### QUALIFIED IMMUNITY

The individually named officers are entitled to qualified immunity. See, *Tracy v. Freshwater*, 623 F.3d 90, 95-96 (2d Cir., 2010). While plaintiff argues it is premature to award qualified immunity at this point, as it relates to the County officers, it is not.  "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); see also *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

Sheriff Imperati, Det. Flanagan and Sgt. Snowdon did not violate any clearly established statutory or constitutional right. At best, the FAC establishes that the Sheriff's failed to investigate his claims, a discretionary act, for which they are entitled to qualified immunity.

### CONCLUSION

For the reasons argued here, and in the original moving papers, the County defendants' motion to dismiss should be granted, and all claims against them dismissed.

Dated: Poughkeepsie, New York
        June 1, 2026

Kimberly Hunt Lee

6

## CERTIFICATION

I certify that this document complies with Joint Local Rules, SDNY and EDNY §7.1(c), as it contains less than 8,750 words, exclusive of the caption and signature block. Specifically, this document contains 1,722 words, as established using the word count feature available on the word processing software used to prepare it.

_Kimberly Hunt Lee_

Kimberly Hunt Lee