UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
PATRICK FLEMING,

                                        Plaintiff,

                -against-                                    Hon. Nelson S. Roman

TOWN OF EAST FISHKILL;
EAST FISHKILL POLICE DEPARTMENT ("EFPD");        Case No.: 25-cv-08734 (NSR)
EFPD Officers in their individual and official capacities including:
CHRISTOPHER BELLINO, Former Chief of Police;
DERRICK W. CUCCIA, Chief of Police;
JUSTINO BERMUDEZ, Sgt.;
BERT A. FINLANCIA, Officer;
ALEXANDER J. HUMPHREYS, Sgt.;
MATTHEW C. MALICAN, Officer;
GREGORY M. STANIS, Lt.;
ALBERT J. TAURONE, Officer;
BRENDAN J. WHITE, Officer;
and John/Jane Does1-10;

COUNTY OF DUTCHESS;
DUTCHESS COUNTY SHERIFF'S OFFICE ("DCSO");
DCSO Deputies in their individual and official capacities, including:
JAMES G. FLANAGAN, Det.;
KIRK A. IMPERATI, Sheriff;
JONATHAN T. SNOWDON, Sgt.; and John/
Jane Does 11-20;

JEANINE A. DEVALL, private actor;
KEVIN M. MACKAY, private actor,

                                        Defendants.

-------------------------------------------------------------------------------X


## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE PLAINTIFF'S FIRST AMENDED COMPLAINT

DRAKE LOEB ᴾᴸᴸᶜ
555 Hudson Valley Avenue, Suite 100, New Windsor, New York 12553
Phone: 845-561-0550

## TABLE OF CONTENTS

Page

Table of Cases Authorities.................................................................................i-vi

ARGUMENT:

I.     INTRODUCTION AND PROCEDURAL BACKGROUND.........................1

II.    OVERVIEW OF PLEADED ALLEGATIONS IN FIRST AMENDED
       COMPLAINT...................................................................................2

III.   OVERVIEW OF PLEADED CAUSES OF ACTION..............................5

IV.    MOTION TO DISMISS STANDARD PURSUANT TO FRCP RULE
       12(b)(6)..........................................................................................6

V.     ALL CLAIMS AGAINST THE TOWN OF EAST FISHKILL POLICE
       DEPARTMENT SHOULD BE DISMISSED..........................................7

VI.    ALL CLAIMS OF ALLEGED WRONGDOING ASSERTED AGAINST
       THE TOWN OF EAST FISHKILL AND/OR ITS EMPLOYEES
       OCCURRING PRIOR TO OCTOBER 21, 2022 SHOULD BE DISMISSED
       AS TIME-BARRED............................................................................8

VII.   THE PLAINTIFF'S FIRST CAUSE OF ACTION SHOULD BE
       DISMISSED AGAINST THE TOWN OF EAST FISHKILL DEFENDANTS....9

VIII.  THE PLAINTIFF'S SECOND CAUSE OF ACTION SHOULD BE
       DISMISSED AGAINST THE TOWN DEFENDANTS...............................10

IX.    THE PLAINTIFF'S THIRD CAUSE OF ACTION SHOULD BE
       DISMISSED AGAINST THE TOWN DEFENDANTS..............................14

X.     THE PLAINTIFF'S FOURTH CAUSE OF ACTION SHOULD BE
       DISMISSED.....................................................................................16

XI.    THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL
       JURISDICTION OVER THE PLAINTIFF'S STATE-BASED CLAIMS............18

XII.   TO THE EXTENT SUPPLEMENTAL JURISDICTION IS EXERCISED
       OVER THE PLAINTIFF'S STATE-BASED CLAIMS AGAINST THE
       TOWN DEFENDANTS, THESE CLAIMS SHOULD BE DISMISSED
       BASED ON THE LACK OF A NOTICE OF CLAIM................................19

XIII.    TO THE EXTENT SUPPLEMENTAL JURISDICTION IS EXERCISED
         OVER THE PLAINTIFF'S STATE-BASED CLAIMS AGAINST THE
         TOWN DEFENDANTS, THESE CLAIMS SHOULD BE DISMISSED
         BASED ON THE FAILURE TO TIMELY COMMENCE SUIT..................20

XIV.    TO THE EXTENT SUPPLEMENTAL JURISDICTION IS EXERCISED
        OVER THE PLAINTIFF'S STATE-BASED CLAIMS AGAINST THE
        TOWN DEFENDANTS, THESE CLAIMS SHOULD BE DISMISSED
        BASED ON THE FAILURE TO TIMELY COMMENCE SUIT..................21


CONCLUSION..................................................................................23

## TABLE OF CASES & AUTHORITIES

Cases:

Abdi v. Brookhaven Sci. Assocs., LLC, 447 F. Supp. 2d 221, 227 (E.D.N.Y. 2006)

Allen v. Antal, 2014 WL 2526977, at *14 (S.D.N.Y. Mar. 13, 2014), aff'd, 665 F. App'x 9 (2d Cir. 2016)

Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)

Benzinger v. NYSARC, Inc. N.Y. City Chapter, 385 F. Supp. 3d 224, 236 (S.D.N.Y. 2019)

Briscoe v. LaHue, 460 U.S. 325 [1983]

Brown v. City of Oneonta, New York, 221 F.3d 329, 341 (2d Cir. 2000)

Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988)

Christian v. Town of Riga, 649 F. Supp. 2d 84, 92 (W.D.N.Y. 2009)

Cotto v. City of New York, 2017 WL 3476045 (S.D.N.Y. 2017)

Davis v. Baldwin, No. 12-CV-6422 ER, 2013 WL 6877560, at *5 (S.D.N.Y. Dec. 31, 2013), aff'd, 594 F. App'x 49 (2d Cir. 2015)

DeShaney v. Winnebago County Department of Social Services, 489 U.S. 189, 109 S.Ct. 998 (1989)

Dieujuste v. Sin, 731 F. Supp. 3d 440, 452 (E.D.N.Y.), reconsideration denied, 734 F. Supp. 3d 232 (E.D.N.Y. 2024), and aff'd, 125 F.4th 397 (2d Cir. 2025), cert. denied, 146 S. Ct. 119 (2025)

Dougal v. Lewicki, No. 1:23-CV-1167 (DNH/CFH), 2024 WL 1959668, at *5 (N.D.N.Y. May 2, 2024)

Eagleston v. Cnty. of Suffolk, 790 F. Supp. 416 (E.D.N.Y. 1992)

Eagleston v. Guido, 41 F.3d 865, 871 (2d Cir. 1994)

Fofana v. Suffolk Cnty. Corr. Facility, No. 13-CV-00443 SJF ETB, 2013 WL 2285753, at *5 (E.D.N.Y. May 20, 2013)

Gagliardi v. Village of Pawling, 18 F.3d 188, 194 (2d Cir.1994)

DRAKE LOEB ᴾᴸᴸᶜ
555 Hudson Valley Avenue, Suite 100, New Windsor, New York 12553
Phone: 845-561-0550

Gaynor v. Rockefeller, 15 N.Y.2d 120, 131, 256 N.Y.S.2d 584, 204 N.E.2d 627 (1965)

Gibson v. Comm'r of Mental Health, No. 04 CIV. 4350 (SAS), 2006 WL 1234971, at *5 (S.D.N.Y. May 8, 2006)

Gomez v. Toledo, 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980)

Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)

Hall v. City of White Plains, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002)

Hammer v. Town of Bedford New York, No. 25-CV-2618 (CS), 2026 WL 100793, at *25 (S.D.N.Y. Jan. 13, 2026)

Hansel v. Brazell, 85 F. App'x 237, 238 (2d Cir. 2004)

Hardy v. N.Y.C. Health & Hosps. Corp., 164 F.3d 789, 793 (2d Cir. 1999)

Hayes v. Cnty. of Sullivan, 853 F.Supp.2d 400, 438 (S.D.N.Y.2012)

Hernandez v. Hernandez, No. 2:24-CV-8614 (NJC) (ST), 2026 WL 318291, at *7 (E.D.N.Y. Feb. 5, 2026)

Hoblock v. Albany Cty. Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005)

Hutchins v. Solomon, No. 16-CV-10029 (KMK), 2018 WL 4757970, at *11 (S.D.N.Y. Sept. 29, 2018)

Iqbal v. Hasty, 490 F.3d 143, 176 (2d Cir. 2007)

Jeanty v. Rockland Cnty., No. 25-CV-4728 (KMW), 2025 WL 2578250, at *4 (S.D.N.Y. Sept. 3, 2025)

Katz v. Morgenthau, 709 F. Supp. 1219, 1236 (S.D.N.Y. 1989)

K.W. ex rel. Brown v. City of New York, 275 F.R.D. 393, 398 (E.D.N.Y. 2011)

Lewittes v. Blume, 795 N.Y.S.2d 13 (1st Dept. 2005)

Marcus v. AT&T Corp., 138 F.3d 46, 57 (2d Cir. 1998)

Martinez v. Cnty. of Suffolk, 999 F. Supp. 2d 424, 431 (E.D.N.Y. 2014

Mastromonaco v. County of Westchester, 779 F. App'x 49, 51 (2d Cir. 2019)

Mian v. Donaldson, Lufkin & Jenrette, 7 F.3d 1085 at 1088 (2d Cir. 1993)

iv

Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691 (1978)

Murray v. Guzman, No. 19-CV-1959, 2019 WL 1745744, at *4 (S.D.N.Y. Apr. 17, 2019)

Oliver v. Penny, 2022 WL 2165814, at *3 (2d Cir. June 16, 2022)

Oquendo v. City of N.Y., 492 F. Supp. 3d 20, 32 (E.D.N.Y. 2020)

Pollnow v. Glennon, 757 F.2d 496, 501 (2d Cir. 1985)

Reid v. City of N.Y., No. 20 Civ. 9243 (KPF), 2022 WL 2967359, at *20 (S.D.N.Y. July 27, 2022)

Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008) (citing Monell, 436 U.S. at 690-91)

Romer v. Morgenthau, 119 F. Supp. 2d 346, 363 (S.D.N.Y. 2000)

Skibinski v. Lazaroff, 173 F.3d 846, 1999 WL 220149 (2d Cir.)

Smith v. Mastercraft Decorators, Inc., No. 09-CV-579S, 2011 WL 5191755, at *3 (W.D.N.Y. Oct. 31, 2011)

Srubar v. Rudd, Rosenberg, Mitofsky & Hollender, 875 F. Supp. 155, 162 (S.D.N.Y. 1994), aff'd, 71 F.3d 406 (2d Cir. 1995)

Star v. Burlington Police Dep't, 189 F.3d 462, 1999 WL 710235 (2d Cir.1999)

Town of Castle Rock, Colorado v. Gonzales, 545 U.S. 748, 125 S. Ct. 2796, 162 L. Ed. 2d 658 (2005)

Troy v. City of New York, No. 13-CV-5082 AJN, 2014 WL 4804479, at *6 (S.D.N.Y. Sept. 25, 2014), aff'd, 614 F. App'x 32 (2d Cir. 2015)

Twombly, 550 U.S. at 556

Veal v. Geraci, 23 F.3d 722, 724 (2d Cir. 1994)

Walker v. Mirbourne NPN 2 LLC, No. 22 CIV. 2382 (RPK) (VMS), 2023 WL 11867001, at *16 (E.D.N.Y. Feb. 27, 2023)

Warner v. Village of Goshen Police Dept., 256 F.Supp.2d 171 (S.D.N.Y. 2003)

Webb v. Goord, 340 F.3d 105, 111 (2d Cir. 2003)

v

Statutes:

RPAPL § 711 (McKinney)
RPAPL § 768 (McKinney)
RPAPL § 853 (McKinney)
42 U.S.C. §1983
42 U.S.C. § 1985(3)
42 U.S.C. § 1986
FRCP Rule 8(a)(2)
FRCP Rule 12(b)
N.Y. Gen. Mun. Law § 50-e (McKinney)
N.Y. Gen. Mun. Law § 50-i (McKinney)
N.Y. Town Law § 67 (McKinney)

DRAKE LOEB<sup>PLLC</sup>
555 Hudson Valley Avenue, Suite 100, New Windsor, New York 12553
Phone: 845-561-0550

ALR/ev

08977-74485

Respectfully submitted,

DRAKE LOEB, PLLC
*Attorneys for Defendants,*
*TOWN OF EAST FISHKILL,*
*EAST FISHKILL POLICE DEPARTMENT,*
*CHRISTOPHER BELLINO, DERRICK W.*
*CUCCIA, JUSTINO BERMUDEZ, BERT A.*
*FINLANCIA, ALEXANDER J. HUMPHREYS,*
*MATTHEW C. MALICAN, GREGORY M.*
*STANIS, ALBERT J. TAURONE and*
*BRENDAN J. WHITE*
555 Hudson Valley Avenue
Suite 100
New Windsor, New York 12553
Tel. No.: (845) 561-0550

## I.    INTRODUCTION AND PROCEDURAL BACKGROUND

The Plaintiff Patrick Fleming ("Plaintiff") commenced the instant lawsuit on October 21, 2025. ECF Dkt. 1. The Plaintiff's initial Complaint named as defendants the Town of East Fishkill (together with its Police Department and several employees of the Police Department); the County of Dutchess (together with its Sheriff's Department and several employees of the Sheriff's Department); Jeanine A. DeVall (the Plaintiff's former girlfriend, and the owner of a residence to which the Plaintiff asserts a legal occupancy interest); and Kevin M. Mackay (the attorney for Ms. DeVall who represented Ms. DeVall in various civil proceedings involving the Plaintiff in the Dutchess County Family Court).

Following the filing of the Plaintiff's initial Complaint, the Plaintiff sought permission from the Court to file an amended pleading to add Derrick W. Cuccia, the current Chief of Police for the Town of East Fishkill Police Department, as a defendant. ECF Dkt. 18. This request was granted, with the Court directing the service of an amended Complaint by January 30, 2026. January 5, 2026 Memo Endorsement – ECF Dkt. 30. The Plaintiff filed his First Amended Complaint ("FAC") on January 20, 2026. ECF Dkt. 31. The Town of East Fishkill defendants (collectively referred to as the "Town Defendants") named by the Plaintiff in the FAC consist of the Town of East Fishkill, the East Fishkill Police Department, former Police Chief Christopher Bellino, Chief of Police Derrick W. Cuccia, Sergeant Justino Bermudez, Police Officer Bret A. Finlancia, Sergeant Alexander J. Humphreys, Police Officer Matthew C. Malican, Lieutenant Gregory Stanis, Police Officer Albert Taurone and Police Officer Brendan J. White.

With respect to the Town Defendants, the Plaintiff essentially alleges that employees of the Town Police Department failed to take steps, at the request of the Plaintiff and on his behalf,

1

to enforce his asserted occupancy and other property rights against his former girlfriend, the co-defendant DeVall.

The Town Defendants sought permission from the Court to file a pre-answer motion to dismiss the Plaintiff's lawsuit against the Town Defendants on the basis that the Plaintiff's FAC fails to state viable claims against them. ECF Dkt. 55. The Court granted this request, and directed the following unified briefing schedule for the requested motions to dismiss: (a) the defendants' motions shall be served (not filed) by April 2, 2026; (b) the Plaintiff's opposition papers shall be served (not filed) by May 18, 2026; and (c) the defendants' reply papers shall be served on June 1, 2026, with all motion submissions to be filed on the June 1, 2026 submission date. March 6, 2026 Memo Endorsement – ECF Dkt. 56.

## II.    OVERVIEW OF PLEADED ALLEGATIONS IN FIRST AMENDED COMPLAINT

The Plaintiff asserts that he was a lawful occupant of a residence located at 40 Clearview Circle, Hopewell Junction, New York. ECF Doc. No. 31, ¶ 1. Title to the subject residence was in the name of the co-defendant Jeanine A. DeVall (Devall) only, and she acquired that residential property on October 7, 2020. Id., ¶ 40. The Plaintiff and DeVall were not married, but had been involved in a relationship since 2014, and had a child together in 2015. Id., ¶¶ 37 to 38.

The Plaintiff and DeVall's relationship broke down in May of 2022, and DeVall asked the Plaintiff to vacate the premises. Id., ¶ 43. In response, the Plaintiff declined to do so. Id., ¶ 43. After the Plaintiff declined to voluntarily leave the property, DeVall retained an attorney, the co-defendant Kevin MacKay ("MacKay"), who drafted a "Notice to Quit and Terminate License" ("NTQ"), which was served by DeVall on the Plaintiff on July 28, 2022. Id., ¶ 45. The Plaintiff

2

refused to abide by the "NTQ," thus prompting DeVall to change the locks of her home on September 1, 2022. Id., ¶¶ 46 to 47. Despite changing the locks, the Plaintiff asserts that he was able to regain access to the residence, prompting DeVall to file a report with the Town of East Fishkill Police Department on September 12, 2022. Id., ¶ 51.

In response to "calls" received by the Town of East Fishkill Police Department, Town Police Officers Stanis, Taurone and White responded to the DeVall residence on September 24, 2022, and advised the Plaintiff that they would enforce the NTQ. Id., ¶¶ 52 to 54. The Plaintiff claims that the Town police officers relied on MacKay's advice with respect to the NTQ. Id., ¶ 55.

On the following day, September 25, 2022, the Plaintiff went to the Town of East Fishkill Police Department to ask that the police department assist him in restoring his claimed occupancy rights under RPAPL § 768, or in filing a Domestic Incident Report — which said requests were refused. Id., ¶ 56. Next, on September 26, 2022 DeVall filed an application with the Family Court to issue a Temporary Order of Protection to exclude the Plaintiff from the residence, which said application was denied by a Family Court Referee. Id., ¶¶ 57 and 58.

On October 12, 2022 the Plaintiff asserts that he spoke with Town Police Officer White when the Plaintiff attempted to file a Domestic Incident Report against DeVall and to pursue criminal charges against DeVall, and in response, PO White advised the Plaintiff that he was informed by MacKay and DeVall that the Plaintiff voluntarily abandoned the residence. Id., ¶ 61. PO White also informed the Plaintiff that he was advised by MacKay that the "NTQ" was the equivalent of a court order, and refused the Plaintiff's request to obtain sworn statements from the Plaintiff and DeVall. Id., ¶¶ 62 to 63. On October 19, 2022, PO White issued a statement

3

that the Plaintiff's eviction was "voluntary," but the Plaintiff claimed that finding was in error. Id., ¶¶ 66 to 67. On October 20, 2022, Sgt. Humphreys of the Town Police Department reviewed the matter, and accepted the factual conclusions reached by PO White. Id., ¶¶ 69 to 70.

On November 11, 2022 DeVall contacted the EFPD to report that the Plaintiff stole her car and broke into her home, and EFPD Police Officers DiDato and Finlancia responded to DeVall's home and searched the residence. Id., ¶ 83. Later, on November 14, 2022, the co-defendant DeVall filed a Domestic Incident Report and a Supporting Deposition alleging that the Plaintiff stole her car, and also sought a Temporary Order of Protection against the Plaintiff because she feared the Plaintiff would break into her home. Id., ¶ 86. Police Officer DiDato signed these documents to indicate he was a witness to the Plaintiff's execution of the same. Id., Id., ¶ 86. The Plaintiff claims that Police Officer DiDato did not ask the DeVall to retract her allegations against the Plaintiff despite the fact that DeVall had given PO DiDato documents showing that the Plaintiff was a co-owner of the vehicle in question. Id., ¶ 87.

On November 15, 2022 DeVall submitted materials to the Family Court which resulted in the issuance of a full "stay-away" and a "no contact" ex parte Temporary Order of Protection. Id., ¶¶ 89 to 92; Exhibit "B."[1]

On February 24, 2023, the Plaintiff claims that he informed PO DiDato and Sergeant Bermudez that the Temporary Order of Protection issued by the Family Court was based on false allegations, and asked them to pursue criminal charges against DeVall and MacKay, but that DiDato and Bermudez declined to do so. Id., ¶ 97.

---

[1] Copies of the Exhibits referenced in this Memorandum of Law are annexed to the accompanying Attorney's Declaration.

4

At a Family Court Hearing on November 18, 2024, the Plaintiff alleges that PO White, who was called as a witness by DeVall, gave false testimony pertaining to the Plaintiff at that Hearing. Id., ¶ 105.

## III.    OVERVIEW OF PLEADED CAUSES OF ACTION

The Plaintiff asserts four (4) federal causes of action involving the Town of East Fishkill defendants. The First Cause of Action alleges that by failing to recognize and enforce the Plaintiff's asserted right to occupy the property owned by DeVall, the Town of East Fishkill defendants (and the other named co-defendants) effectuated an unreasonable seizure and deprived the Plaintiff of his right to due process, in violation of the 4th and 14th Amendments, and made actionable under 42 U.S.C. § 1983. The Second Cause of Action asserts a "Monell" claim under 42 U.S.C. § 1983 against the Town and County defendants, and claims that the failure to recognize and enforce the Plaintiff's claimed rights to DeVall's home was the result of municipal policies, customs and practices, including the failure to train. Id., ¶¶ 118 to 119. The Third Cause of Action asserts that all defendants engaged in a conspiracy to interfere with the Plaintiff's civil rights under 42 U.S.C. § 1985(3). Id., ¶¶ 120 to 123. The Fourth Cause of Action asserts that the Town and County defendants failed to prevent the claimed conspiracy referenced in the Third Cause of Action, and are therefore liable under 42 U.S.C. § 1986. Id., ¶¶ 124 to 129.

With respect to the Town of East Fishkill defendants, the Plaintiff asserts six (6) state-based causes of action. Specifically, the the Fifth Cause of Action alleges that all defendants engaged in a civil conspiracy to commit several unlawful acts. Id., ¶¶ 127 to 129. The Sixth Cause of Action alleges a claim for defamation against DeVall, MacKay and "any Officer" who republished the statements of DeVall and MacKay. Id., ¶¶ 130 to 132. The Plaintiff's Tenth

5

Cause of Action asserts a claim for malicious prosecution against DeVall, MacKay and the Town of East Fishkill Police Department for initiating and/or continuing a Family Offense Petition and a Temporary Order of Protection. Id., ¶¶ 142 to 143. The Twelfth Cause of Action asserts a claim for conversion. Id., ¶¶ 146 to 147. The Plaintiff's Sixteenth Cause of Action asserts a claim for the Intentional Infliction of Emotional Distress against all defendants. Id., ¶¶ 154 to 156. The Plaintiff's Seventeenth Cause of Action asserts a claim for wrongful and unlawful eviction, trespass and the violation of the Plaintiff's rights under RPAPL §§ 711, 768, and 853. Id., ¶¶ 157 to 159.

## IV.     MOTION TO DISMISS STANDARD PURSUANT TO FRCP RULE 12(b)(6)

FRCP Rule 12(b)(6) permits a party to move to dismiss a claim, prior to the service of a responsive pleading, on the basis that a plaintiff has failed to adequately "state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The requirement that the court accept all factual allegations as true does not apply to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Id. In this regard, although FRCP Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief," this pleading requirement "demands more than an unadorned, the-defendant-unlawfully-harmed-

6

me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The court's determination of whether a complaint states a "plausible claim for relief" is a "context-specific task" that requires the application of "judicial experience and common sense." Id. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.' "Id. (alteration omitted) (quoting Fed. R. Civ. P. 8(a)(2)). such conduct.").

## V. THE COURT SHOULD DISMISS THE PLAINTIFF'S LAWSUIT BASED ON THE "ROOKER-FELDMAN" DOCTRINE

In this federal lawsuit, the Plaintiff's FAC seeks relief from this Court to remedy what he claims is the unlawful denial of his property rights in relation to the property owned (or jointly owned) by the co-defendant DeVall pursuant to the decisions rendered in the Family Court of the State of New York, County of Dutchess, which are referenced in the FAC. However, those claims are clearly barred by the "Rooker-Feldman" doctrine. Under this doctrine, federal courts are barred from hearing cases that are in effect appeals from State Court judgments. In order for the "Rooker-Feldman" bar to apply, it must be shown that: "(1) the federal-court plaintiff must have lost in state court[;]" (2) "the plaintiff must complain of injuries caused by a state-court judgment[;]" (3) "the plaintiff must invite district court review and rejection of that judgment[;]" and (4) "the state-court judgment must have been rendered before the district court proceedings commenced." Hoblock v. Albany Cty. Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005) (internal quotation marks and alterations omitted). Here, this Court should dismiss the Plaintiff's FAC pursuant to the "Rooker-Feldman" doctrine since the Plaintiff, in the instant lawsuit, is seeking to challenge and nullify the various Temporary Orders of Protection, issued by the Dutchess

7

County Family Court, which already adjudicated and upheld the bar to the Plaintiff's claimed right to access and occupy the property of his former girlfriend DeVall. This is not permitted under the "Rooker-Feldman" doctrine, and a dismissal of the Plaintiff's FAC pursuant to FRCP Rule 12(b)(1), based on the lack of subject matter jurisdiction, is warranted. See, Dieujuste v. Sin, 731 F. Supp. 3d 440, 452 (E.D.N.Y.), reconsideration denied, 734 F. Supp. 3d 232 (E.D.N.Y. 2024), and aff'd, 125 F.4th 397 (2d Cir. 2025), cert. denied, 146 S. Ct. 119 (2025)("to the extent that Plaintiff's claims require this Court to review the Family Court's determinations, such claims are barred by the Rooker-Feldman doctrine and must be dismissed."); Davis v. Baldwin, No. 12-CV-6422 ER, 2013 WL 6877560, at *5 (S.D.N.Y. Dec. 31, 2013), aff'd, 594 F. App'x 49 (2d Cir. 2015)("The Court finds that the substantive requirements of the Rooker-Feldman doctrine are satisfied here, as Plaintiff clearly complains of injuries caused by the Family Court Orders, and invites this Court to review and reject those Orders.").

## VI.   ALL CLAIMS AGAINST THE TOWN OF EAST FISHKILL POLICE DEPARTMENT SHOULD BE DISMISSED

The Plaintiff has named the Town of East Fishkill Police Department (s/h/a "East Fishkill Police Department") as a separately named defendant in this lawsuit, in addition to the Town of East Fishkill itself. However, the rule is that agencies of a municipality, such as a municipal police department, are merely administrative arms of the municipality itself, and cannot sue or be sued. See, Hall v. City of White Plains, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality, do not have a legal identity separate and apart from the municipality and cannot sue or be sued."(citations omitted). Accordingly, all claims pled as against the Town of East Fishkill Police Department should be dismissed. See, Hayes v. Cnty. of Sullivan, 853 F.Supp.2d 400, 438 (S.D.N.Y.2012)

8

ALR/ev                                    08977-74485                                    1426161

(dismissing claims against police department where municipality was also sued on the ground that department lacked a legal identity separate and apart from the municipality and cannot sue or be sued") (internal quotation marks omitted).

## VII.   ALL CLAIMS OF ALLEGED WRONGDOING ASSERTED AGAINST THE TOWN OF EAST FISHKILL AND/OR ITS EMPLOYEES OCCURRING PRIOR TO OCTOBER 21, 2022 SHOULD BE DISMISSED AS TIME-BARRED

Claims brought pursuant to § 1983 are subject to a three (3) year statute of limitations. Eagleston v. Guido, 41 F.3d 865, 871 (2d Cir. 1994). Section 1983 claims are deemed to accrue when the aggrieved party knows or has reason to know of the wrongful conduct alleged, and the harm it caused. Veal v. Geraci, 23 F.3d 722, 724 (2d Cir. 1994)("…the claim accrues when the alleged conduct has caused the claimant harm and the claimant knows or has reason to know of the allegedly impermissible conduct and the resulting harm").

In this case, the plaintiffs' lawsuit was commenced on October 21, 2025. ECF Dkt. 1. Applying the three (3) year statute of limitations to the plaintiff's claims brought under § 1983, those acts which are alleged to have violated the plaintiffs' Constitutional rights, and which occurred before October 21, 2022, are time-barred.

More particularly, and as applied to the Town of East Fishkill defendants, the following claims must be dismissed as they occurred more than three (3) years prior to the commencement of suit: (a) the alleged September 24, 2022 decision of Stanis, Taurone and White to enforce the "Notice to Quit" against the Plaintiff, drafted by the co-defendant MacKay, ECF Dkt. 31, ¶¶ 52 to 55; (b) the alleged refusal, on September 25, 2022, on the part of personnel from the Town of East Fishkill Police Department to restore the Plaintiff's occupancy rights under RPAPL § 768, or to allow the Plaintiff to file a Domestic Incident Report. Id., ¶ 56; (c) the alleged October 12,

9

ALR/ev                                                08977-74485                                                    1426161

2022 refusal of PO White to obtain sworn statements from DeVall and the Plaintiff when the Plaintiff sought to file a Domestic Incident Report Id., ¶¶ 61 to 63; (d) the October 19, 2022 issuance of a statement by PO White that the Plaintiff's eviction from the DeVall residence was voluntary Id., ¶¶ 66 to 67; and (e) the October 20, 2022 acceptance by Sgt. Humphreys of the conclusions reached by PO White Id., ¶¶ 69-70. Because all of these actions, which are claimed to have violated the Plaintiff's rights, occurred more than three (3) years prior to the commencement of suit, they may not be sued upon as they are time-barred. See, Eagleston v. Cnty. of Suffolk, 790 F. Supp. 416 (E.D.N.Y. 1992), aff'd sub nom. Eagleston v. Guido, 41 F.3d 865 (2d Cir. 1994)(3 year statute of limitations on plaintiff's civil rights claim against police officers for alleged improper failure to act accrued on dates that officers failed to act, and lawsuit brought against police officers property dismissed as time-barred).

## VIII. THE PLAINTIFF'S FIRST CAUSE OF ACTION SHOULD BE DISMISSED AGAINST THE TOWN OF EAST FISHKILL DEFENDANTS

In order to maintain a viable action, based on claimed violations of a plaintiff's Constitutional rights pursuant to 42 U.S.C. § 1983, a plaintiff must allege both that the conduct complained of: (1) was committed by a person acting under the color of state law, and (2) deprived the plaintiff of rights, privileges, or immunities secured by the Constitution of the United States. Gomez v. Toledo, 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980). Deprivation of a constitutional right is the sine qua non of Section 1983; absent such a violation, no claim—either against an individual or against a municipality under the Monell doctrine—will lie. Fofana v. Suffolk Cnty. Corr. Facility, No. 13-CV-00443 SJF ETB, 2013 WL 2285753, at *5 (E.D.N.Y. May 20, 2013)("Absent a constitutional violation, the complaint fails to state a plausible Section 1983 claim").

10

The Plaintiff's First Cause of Action essentially claims that by being excluded from the property he previously resided in with his former girlfriend - the co-defendant DeVall, and by being subjected to court-imposed Temporary Orders of Protection requiring the Plaintiff to stay away from the DeVall home, the Plaintiff suffered the violation of his 4th and 14th Constitutional rights, made actionable pursuant to 42 U.S.C. § 1983. But the Plaintiff's claims in this regard, as alleged against the Town of East Fishkill defendants, fail on multiple grounds.

At the outset, and as a preliminary matter, it is not alleged that the Town Defendants, by their own actions, removed the Plaintiff from the residence owned by DeVall, nor is it alleged that the Town Defendants, by their own actions, sought and obtained Judicial Orders, from the Family Court, barring the Plaintiff's access to the DeVall residence. Instead, the Plaintiff's FAC merely pleads that these actions were undertaken by DeVall, with the assistance of her counsel MacKay (See, Dkt. 31, ¶¶ 45, 47, 89 to 90, 92 to 107), and that the Town Defendants' involvement is based upon the assertions that the Town Defendants did not themselves take steps to either prevent DeVall's actions, or enforce the Plaintiff's asserted rights against DeVall to continue his occupancy at the DeVall residence (See, Dkt. 31, ¶¶ 54, 56, 62-63, 97). But the alleged failure on the part of the Town Defendants to prevent the supposedly unlawful or wrongful actions of DeVall in relation to the Plaintiff, or to assist the Plaintiff in enforcing his claimed rights in relation to DeVall, fails to state a viable claim under 42 U.S.C.§ 1983 under settled law.

Here, even assuming, solely for the sake of argument, that the Plaintiff had a Constitutional right not be removed by the residence owned by his former girlfriend DeVall (a private citizen), or, not to be subject to the Family Court's Temporary Orders of Protection

11

keeping him away from DeVall's residence, the Town Defendants' claimed failure to take steps to actively enforce the Plaintiff's asserted property rights against DeVall is not actionable. As held in the case of <u>DeShaney v. Winnebago County Department of Social Services</u>, 489 U.S. 189, 109 S.Ct. 998 (1989), "nothing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors."

With this rule in mind, the law provides that no liability may be imposed, under Section 1983, merely because the Town Defendants supposedly failed to take measures to prevent DeVall from taking the actions the Plaintiff complains of in this lawsuit. See, <u>Star v. Burlington Police Dep't</u>, 189 F.3d 462, 1999 WL 710235 (2d Cir.1999) (table) (plaintiff's allegation that police department's failure to respond to complaints allowed third party to cause her harm did not state valid due process claim); <u>Skibinski v. Lazaroff</u>, 173 F.3d 846, 1999 WL 220149 (2d Cir.) (table) (government official's failure to act upon complaints is not cognizable under section 1983), cert. denied, 528 U.S. 867, 120 S.Ct. 165, 145 L.Ed.2d 140 (1999), reh'g denied, 528 U.S. 1183, 120 S.Ct. 1226, 145 L.Ed.2d 1125 (2000).

The Supreme Court decision in <u>Town of Castle Rock, Colorado v. Gonzales</u>, 545 U.S. 748, 125 S. Ct. 2796, 162 L. Ed. 2d 658 (2005) is directly on point. In that case, the plaintiff claimed that a municipal police department violated the plaintiff's claimed Constitutional rights to police assistance and police enforcement actions by refusing, and/or not otherwise timely acting upon, the plaintiff's request to enforce a restraining order directed to the plaintiff's husband. In <u>Castle Rock</u>, the subject restraining order directed the police presented with the same to either arrest the restrained person, or to seek a warrant for the arrest of the restrained person, whenever the police had probable cause to believe the restrained person had violated the

12

restraining order. However, the Court held that despite this mandatory language in the subject restraining order, and despite the fact that the police clearly had probable cause to arrest or seek an arrest warrant, the plaintiff had no protected property interest, within the meaning of the 14th Amendment, in the taking of police enforcement activities, thus defeating the plaintiff's Section 1983 claim.

The Supreme Court holding in Castle Rock defeats the plaintiff's Section 1983 claim. Just as in Castle Rock, the Plaintiff in this case has not recognized 14th Amendment property interest in law enforcement actions which the Plaintiff claims the Town Defendants *should have* pursued as against his former girlfriend. Therefore, the Plaintiff's Section 1983 claim should be dismissed because there was no violation of his Constitutional rights caused by the Town Defendants. See also, Hernandez v. Hernandez, No. 2:24-CV-8614 (NJC) (ST), 2026 WL 318291, at *7 (E.D.N.Y. Feb. 5, 2026)("...refusal to investigate or prosecute an alleged crime is not a constitutional injury"); Troy v. City of New York, No. 13-CV-5082 AJN, 2014 WL 4804479, at *6 (S.D.N.Y. Sept. 25, 2014), aff'd, 614 F. App'x 32 (2d Cir. 2015)("It is well established that [t]here is ... no constitutional right to an investigation by government officials...This is because the duty to investigate criminal acts (or possible criminal acts) almost always involves a significant level of law enforcement discretion, and individuals accordingly have no legitimate claim of entitlement to a police investigation.")(internal quotations and citations omitted).

In addition to the above, not only is there no viable cause of action under Section 1983 based upon the Town Defendants' alleged failure to protect the Plaintiff's claimed property interests in relation to his former girlfriend DeVall in accordance with the rule in DeShaney and

13

Castle Rock, supra. it is apparent that the Plaintiff's claimed right not to be evicted from the DeVall residence is based on State, not Federal, law. Here, the Plaintiff's FAC asserts that he had a right not to be locked out of the home he resided in with his former girlfriend pursuant to § 768 of New York's Real Property Actions and Proceedings Law. But, assuming the Plaintiff is correct that his rights under the RPAPL were violated, the rule is well-settled that the violation of rights protected by state law is not actionable under Section 1983. See, Hansel v. Brazell, 85 F. App'x 237, 238 (2d Cir. 2004) ("Section 1983 cannot be used as a redress for violations of state law."); Pollnow v. Glennon, 757 F.2d 496, 501 (2d Cir. 1985) ("[A] violation of state law is not cognizable under § 1983.").

Finally, even assuming, solely for the sake of argument, that the actions which Plaintiff claims the Town Defendants *should have* taken implicated an underlying right which might be protected under the U.S. Constitution, liability may not attach against the Town Defendants since their decision (or decisions) not to take those actions are discretionary in nature, and therefore not actionable. See, K.W. ex rel. Brown v. City of New York, 275 F.R.D. 393, 398 (E.D.N.Y. 2011)("A victim has no constitutionally protected right to have the police enforce the law when enforcement is discretionary"); see also, Gaynor v. Rockefeller, 15 N.Y.2d 120, 131, 256 N.Y.S.2d 584, 204 N.E.2d 627 (1965)("It is the settled policy of the courts not to review the exercise of discretion by public officials in the enforcement of State statutes, in the absence of a clear violation of some constitutional mandate.").

## IX.     THE PLAINTIFF'S SECOND CAUSE OF ACTION SHOULD BE DISMISSED AGAINST THE TOWN DEFENDANTS

The Plaintiff's Second Cause of Action purports to assert a "Monell" claim under 42 U.S.C. §1983, wherein the Plaintiff alleges that the violation of his rights in relation to the

14

property owned by DeVall was caused by the policies, customs and practices of the named municipal defendants, including the Town of East Fishkill. Dkt. 31, ¶¶ 118 -119. A "Monell" theory of liability is grounded on the principal that "Congress did not intend municipalities to be held liable [under § 1983] unless action pursuant to official municipal policy of some nature caused a constitutional tort." Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691 (1978). Under Monell, to state a claim against a municipality under § 1983 based on the acts of a public official, "a plaintiff is required to prove: (1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008) (citing Monell, 436 U.S. at 690-91).

In this case, the Plaintiff's Second Cause of Action should be dismissed for the reason that the Plaintiff cannot establish that the Town Defendants' discretionary determinations - in choosing not to pursue law enforcement actions to prevent the co-defendant DeVall from taking actions which supposedly interfered with the Plaintiff's residential rights in relation to his former girlfriend's property - violated the Plaintiff's Constitutional rights. As noted in Point "VIII" above, the Plaintiff has no Constitutional right to governmental assistance to prevent harm inflicted upon him by a private actor, nor does he have a Constitutional right to compel the exercise of a discretionary law enforcement action. With this in mind, the law is well-settled that where, as here, the underlying conduct does not constitute a violation of a plaintiff's Constitutional rights, no recovery under a "Monell" theory is viable. See, Mastromonaco v. County of Westchester, 779 F. App'x 49, 51 (2d Cir. 2019) ("It is well-settled that a Monell claim cannot succeed without an underlying constitutional violation, and here there is no

15

constitutional violation."); (summary order); Oquendo v. City of N.Y., 492 F. Supp. 3d 20, 32

(E.D.N.Y. 2020) (dismissing plaintiff's Monell claim on motion to dismiss where there was no

constitutional violation); Hammer v. Town of Bedford New York, No. 25-CV-2618 (CS), 2026

WL 100793, at *25 (S.D.N.Y. Jan. 13, 2026)("…because no underlying constitutional claims

survive on the merits, there is no underlying claim against the Town for which it could be liable,

and Plaintiff's Monell claim fails").

## X.    THE PLAINTIFF'S THIRD CAUSE OF ACTION SHOULD BE DISMISSED AGAINST THE TOWN DEFENDANTS

The Plaintiff's Third Cause of Action, interposed against all named defendants, asserts

that all defendants conspired to violate the Plaintiff's rights to equal protection, made actionable

under 42 U.S.C.§ 1985(3). However, the Plaintiff's claims asserted under this statute are non-

viable, and fail to state a cause of action.

A conspiracy claim under Section 1985(3) contains four elements: "[i] a conspiracy, [ii]

for the purpose of depriving any person ... of the equal protection of the laws ..., [iii] an act in

furtherance of the conspiracy, and [iv] whereby a person is injured in his person or property or

deprived of a right or privilege of a citizen." Benzinger v. NYSARC, Inc. N.Y. City Chapter, 385

F. Supp. 3d 224, 236 (S.D.N.Y. 2019) (quoting Iqbal v. Hasty, 490 F.3d 143, 176 (2d Cir. 2007),

rev'd on other grounds by Ashcroft v. Iqbal, 556 U.S. 662 (2009)). "To succeed, a plaintiff must

also show that there was 'some racial, or perhaps otherwise class-based, invidiously

discriminatory animus behind the conspirators' action.' " Id. (quoting Griffin v. Breckenridge,

403 U.S. 88, 102 (1971)). "A plaintiff 'must [further] provide some factual basis supporting a

meeting of the minds, such as that defendants entered into an agreement, express or tacit, to

achieve the unlawful end[,]' along with 'some details of time and place and the alleged effects of

16

08977-74485
1426161

the conspiracy.' " Id. (quoting Romer v. Morgenthau, 119 F. Supp. 2d 346, 363 (S.D.N.Y. 2000) (internal quotation marks and citations omitted)). "Significantly, vague and unsupported assertions of conspiracy ... do not suffice." Reid v. City of N.Y., No. 20 Civ. 9243 (KPF), 2022 WL 2967359, at *20 (S.D.N.Y. July 27, 2022) (internal citations omitted); accord Webb v. Goord, 340 F.3d 105, 111 (2d Cir. 2003).

In this case, the Plaintiff's FAC fails to state a viable claim under 42 U.S.C. § 1985(3) for multiple reasons. Specifically, in this case, there is no allegation that the actions taken (or not taken) by the Town Defendants in relation to the Plaintiff had anything at all to do with the Plaintiff's race or protected class. For this reason alone, the Plaintiff's Third Cause of Action should be dismissed against the Town Defendants. See, Brown v. City of Oneonta, New York, 221 F.3d 329, 341 (2d Cir. 2000)("The conspiracy must be motivated by racial animus... Because a claim under § 1985[3] requires proof of discriminatory racial animus, we affirm the district court's dismissal of plaintiffs' § 1985(3) claims..."); see also, Srubar v. Rudd, Rosenberg, Mitofsky & Hollender, 875 F. Supp. 155, 162 (S.D.N.Y. 1994), aff'd, 71 F.3d 406 (2d Cir. 1995) ("When a plaintiff fails to establish membership in a protected group, a civil rights conspiracy complaint under 42 U.S.C. § 1985 may be dismissed."); Martinez v. Cnty. of Suffolk, 999 F. Supp. 2d 424, 431 (E.D.N.Y. 2014)("...for a § 1985(3) claim to survive dismissal, the conspiracy must also be 'motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action.")(internal quotation and citation omitted).

Additionally, and as noted in Point "VIII" above, the Plaintiff cannot show that the Town Defendants' claimed failure to take particular enforcement actions on his behalf as against DeVall amounted to a violation of the Plaintiff's Constitutional rights because the Plaintiff

17

cannot show that he had a Constitutionally protected right to have those actions undertaken by the Town Defendants. See, <u>Town of Castle Rock, Colorado v. Gonzalez</u>, supra.  Where, as here, there is no underlying Constitutional violation, a Section 1985 conspiracy cause of action must be dismissed. See, <u>Oliver v. Penny</u>, 2022 WL 2165814, at *3 (2d Cir. June 16, 2022) (summary order) (concluding that the plaintiff's § 1985 conspiracy claim "failed because she did not plausibly allege an underlying constitutional violation"); <u>Dougal v. Lewicki</u>, No. 1:23-CV-1167 (DNH/CFH), 2024 WL 1959668, at *5 (N.D.N.Y. May 2, 2024) ("As plaintiff fails to state a valid constitutional violation, his claim that defendants Lewicki and others conspired to violate his Fourth, Fifth, and Fourteenth Amendment rights also must fail because there can be no conspiracy to violate an individual's constitutional right if there were no underlying constitutional violations."), report and recommendation adopted in part, 2024 WL 2350003 (N.D.N.Y. May 23, 2024).

## XI.   THE PLAINTIFF'S FOURTH CAUSE OF ACTION SHOULD BE DISMISSED

The Plaintiff's Fourth Cause of Action asserts a claim under 42 U.S.C. § 1986. This federal statute provides a cause of action against anyone "having knowledge that any of the wrongs conspired to be done and mentioned in section 1985 are about to be committed and having power to prevent or aid, neglects to do so." <u>Mian v. Donaldson, Lufkin & Jenrette</u>, 7 F.3d 1085 at 1088 (2d Cir. 1993) (quoting <u>Katz v. Morgenthau</u>, 709 F. Supp. 1219, 1236 (S.D.N.Y. 1989), aff'd in part and rev'd in part on other grounds, 892 F.2d 20 (2d Cir.1989)). Importantly, "…a Section 1986 claim must be predicated upon a valid Section 1985 claim." <u>Jeanty v. Rockland Cnty.</u>, No. 25-CV-4728 (KMW), 2025 WL 2578250, at *4 (S.D.N.Y. Sept. 3, 2025). In this case, because, as noted in Point "X" above, the Plaintiff's claims under 42 U.S.C.

18

§1985(3) are not viable, the Plaintiff's claims under Section 1986 should be dismissed as well. See, Gagliardi v. Village of Pawling, 18 F.3d 188, 194 (2d Cir.1994) (upholding dismissal of § 1986 claim based on dismissal of § 1985(3) claim); Abdi v. Brookhaven Sci. Assocs., LLC, 447 F. Supp. 2d 221, 227 (E.D.N.Y. 2006)("As for the § 1986 claim, no such claim lies unless there is a viable conspiracy claim under § 1985.").

## XII. THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE PLAINTIFF'S STATE-BASED CLAIMS

As referenced above, the Plaintiff's FAC asserts six (6) causes of action based on asserted violations of New York State law against and/or including the Town Defendants – namely, the Fifth, Sixth, Tenth, Twelfth, Sixteenth and Seventeenth Causes of Action. ECF Dkt. 31. However, to the extent all federal claims are dismissed as against the Town Defendants, the balance of factors weighs against the exercise of supplemental jurisdiction over the Plaintiff's State law claims against the Town Defendants. See, Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."); Marcus v. AT&T Corp., 138 F.3d 46, 57 (2d Cir. 1998)("…where the federal claims are dismissed before trial, the state claims should be dismissed as well."); Smith v. Mastercraft Decorators, Inc., No. 09-CV-579S, 2011 WL 5191755, at *3 (W.D.N.Y. Oct. 31, 2011)("The United States Supreme Court has instructed that courts should ordinarily decline to exercise supplemental jurisdiction in the absence of federal claims.").

19

## XIII. TO THE EXTENT SUPPLEMENTAL JURISDICTION IS EXERCISED OVER THE PLAINTIFF'S STATE-BASED CLAIMS AGAINST THE TOWN DEFENDANTS, THESE CLAIMS SHOULD BE DISMISSED BASED ON THE LACK OF A NOTICE OF CLAIM

The rule is that "State claims brought under state law in federal court are subject to state procedural rules." Allen v. Antal, 2014 WL 2526977, at *14 (S.D.N.Y. Mar. 13, 2014), aff'd, 665 F. App'x 9 (2d Cir. 2016). New York General Municipal Law § 50-e(1)(a) requires the service of notice of claim "within ninety days after the claim arises." N.Y. Gen. Mun. Law § 50-e (McKinney). Further, Town Law § 67 also requires the service of a notice of claim against a town defendant for any wrong to a person. N.Y. Town Law § 67 (McKinney) "[I]n a federal court, state notice-of-claim statutes apply to state-law claims." Hardy v. N.Y.C. Health & Hosps. Corp., 164 F.3d 789, 793 (2d Cir. 1999). It is the plaintiff's burden to plead or prove compliance with the notice of claim requirement as a condition precedent to maintaining state-based claims against a town in a federal court lawsuit. See, Christian v. Town of Riga, 649 F. Supp. 2d 84, 92 (W.D.N.Y. 2009)("[h]aving failed to plead or prove compliance with the notice of claim provision, plaintiff's state tort law claims must be dismissed.").

In this case, no Notice of Claim has been served on the Town Defendants prior to the commencement of suit, nor has the Plaintiff pled or proven compliance with the Notice of Claim requirements set forth in General Municipal Law § 50-e and Town Law § 67. As such, the Fifth, Sixth, Tenth, Twelfth, Sixteenth and Seventeenth Causes of Action against the Town Defendants should be dismissed for this reason alone. Warner v. Village of Goshen Police Dept., 256 F.Supp.2d 171 (S.D.N.Y. 2003)(dismissing pendent state law tort claims for failure to serve notice of claim and noting lack of federal court jurisdiction to permit filing of late notice of claim); Gibson v. Comm'r of Mental Health, No. 04 CIV. 4350 (SAS), 2006 WL 1234971, at *5

20

(S.D.N.Y. May 8, 2006)("Federal courts do not have jurisdiction to hear complaints from plaintiffs who have failed to comply with the notice of claim requirement, or to grant permission to file a late notice").

## XIV.    TO THE EXTENT SUPPLEMENTAL JURISDICTION IS EXERCISED OVER THE PLAINTIFF'S STATE-BASED CLAIMS AGAINST THE TOWN DEFENDANTS, THESE CLAIMS SHOULD BE DISMISSED BASED ON THE FAILURE TO TIMELY COMMENCE SUIT

In order to maintain a State Law claim against a municipality in a federal lawsuit, a plaintiff must establish compliance which General Municipal Law § 50-i(1)(c), which provides, in pertinent part, that the action must be "commenced within one year and ninety days after the happening of the event upon which the claim is based." N.Y. Gen. Mun. Law § 50-i (McKinney). In this case, and as noted above, the instant action was first commenced on October 21, 2025. ECF Dkt. 1. Thus, all alleged wrongful acts on the part of the Town Defendants which occurred more than 1 year and 90 days prior to the commencement of suit (i.e. all alleged wrongful acts preceding July 21, 2025) may not be sued upon in accordance with General Municipal Law § 50-i(1)(c). Accordingly, and as pled in the FAC, the alleged acts of wrongdoing asserted against the Town Defendants which occurred on September 24, 2022 (ECF Dkt. 31, ¶¶ 52 to 55); September 25, 2022 (Id., ¶ 56); October 12, 2022 (Id., ¶¶ 61-63); October 13, 2022 (Id., ¶ 64); October 19, 2022 (Id., ¶¶ 66 to 68); October 20, 2022 (Id., ¶¶ 69 to 70); October 25 and 26, 2022 (Id., ¶¶ 71 to 72); November 5, 2022 (Id., ¶¶ 78); November 11, 2022 (Id., ¶ 82); November 14 to 16, 2022 (Id., ¶¶ 86 to 88); and February 24, 2023 (Id., ¶ 97) should be dismissed as time-barred because they occurred more than 1 year and 90 days prior to the commencement of suit. See, Cotto v. City of New York, 2017 WL 3476045 (S.D.N.Y. 2017)(dismissing all state law causes of action, pursuant to General Municipal Law § 50-i, where lawsuit not filed within one year and ninety

21

days from date causes of action accrued); <u>Walker v. Mirbourne NPN 2 LLC</u>, No. 22 CIV. 2382 (RPK) (VMS), 2023 WL 11867001, at \*16 (E.D.N.Y. Feb. 27, 2023)(state law claims dismissed where lawsuit not filed within 1 year and 90 days from accrual of claims).

Here, with respect to the allegations implicating the Town Defendants, the only allegation of wrongdoing on the part of a Town employee which occurred within 1 year and 90 days of the filing of the instant lawsuit consists of the claim that at a Family Court hearing conducted on November 18, 2024, Police Office White repeated what the Plaintiff asserts is a false account of the circumstances in which the Plaintiff absented himself from the DeVall residence. ECF Dkt. 31, ¶ 106. But claims of allegedly false trial testimony given by a police officer are not actionable since that conduct is protected by absolute immunity. See, <u>Murray v. Guzman</u>, No. 19-CV-1959, 2019 WL 1745744, at \*4 (S.D.N.Y. Apr. 17, 2019) ("Witnesses, including police officers, are absolutely immune from liability based on false testimony at trial." (citing <u>Briscoe v. LaHue</u>, 460 U.S. 325 [1983]); see also, <u>Hutchins v. Solomon</u>, No. 16-CV-10029 (KMK), 2018 WL 4757970, at \*11 (S.D.N.Y. Sept. 29, 2018)("Trial witnesses, including government officials, have absolute immunity with respect to any § 1983 claims arising from their testimony, even if it is alleged that such testimony was perjured."); <u>Lewittes v. Blume</u>, 795 N.Y.S.2d 13 (1st Dept. 2005) (statements made by defendant in affidavit and in her testimony were made in the context of a judicial proceeding, and thus were protected by the absolute privilege.). Further, and in any event, as the Plaintiff never filed a Notice of Claim regarding the November 18, 2024 testimony, claims arising therefrom are barred for the reasons set forth in Point XIII, above.

22

DRAKE LOEB<sup>PLLC</sup>
555 Hudson Valley Avenue, Suite 100, New Windsor, New York 12553
Phone: 845-561-0550

## CONCLUSION

Based upon the foregoing, an Order dismissing the plaintiff's First Amended Complaint against the Defendants, TOWN OF EAST FISHKILL, EAST FISHKILL POLICE DEPARTMENT, CHRISTOPHER BELLINO, DERRICK W. CUCCIA, JUSTINO BERMUDEZ, BERT A. FINLANCIA, ALEXANDER J. HUMPHREYS, MATTHEW C. MALICAN, GREGORY M. STANIS, ALBERT J. TAURONE and BRENDAN J. WHITE, pursuant to FRCP Rule 12(b)(1) and (6), should be granted by this Court.

Dated: New Windsor, New York
        April 2, 2026

Yours, etc.,

DRAKE LOEB, PLLC

By: _____
ADAM L. RODD, ESQ.
*Attorneys for Defendants,*
*TOWN OF EAST FISHKILL, EAST FISHKILL*
*POLICE DEPARTMENT CHRISTOPHER*
*BELLINO, DERRICK W. CUCCIA, JUSTINO*
*BERMUDEZ, BERT A. FINLANCIA,*
*ALEXANDER J. HUMPHREYS, MATTHEW C.*
*MALICAN, GREGORY M. STANIS, ALBERT J.*
*TAURONE and BRENDAN J. WHITE*
555 Hudson Valley Avenue, Suite 100
New Windsor, New York 12553
Tel. No.: (845) 561-0550

23

## Word Count Certification

I, ADAM L. RODD, Esq. do hereby certify that this document complies with the word count limit set forth in the Court's Individual Rules of Practice. The word count of this document, excluding any caption, table of contents, table of authorities, and signature, is 7,078 words. This document was prepared using Microsoft Word. The font of this document is Times New Roman, size 12.

_____
ADAM L. RODD

24