UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
PATRICK FLEMING,

                                        Plaintiff,

                -against-                          Hon. Nelson S. Roman

TOWN OF EAST FISHKILL;
EAST FISHKILL POLICE DEPARTMENT ("EFPD");        Case No.: 25-cv-08734 (NSR)
EFPD Officers in their individual and official capacities including:
CHRISTOPHER BELLINO, Former Chief of Police;
DERRICK W. CUCCIA, Chief of Police;
JUSTINO BERMUDEZ, Sgt.;
BERT A. FINLANCIA, Officer;
ALEXANDER J. HUMPHREYS, Sgt.;
MATTHEW C. MALICAN, Officer;
GREGORY M. STANIS, Lt.;
ALBERT J. TAURONE, Officer;
BRENDAN J. WHITE, Officer;
and John/Jane Does1-10;

COUNTY OF DUTCHESS;
DUTCHESS COUNTY SHERIFF'S OFFICE ("DCSO");
DCSO Deputies in their individual and official capacities, including:
JAMES G. FLANAGAN, Det.;
KIRK A. IMPERATI, Sheriff;
JONATHAN T. SNOWDON, Sgt.; and John/
Jane Does 11-20;

JEANINE A. DEVALL, private actor;
KEVIN M. MACKAY, private actor,

                                    Defendants.
-------------------------------------------------------------------------------X


## REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE PLAINTIFF'S FIRST AMENDED COMPLAINT

ALR/ev                                    08977-74485

Respectfully submitted,

DRAKE LOEB, PLLC
*Attorneys for Defendants,*
*TOWN OF EAST FISHKILL,*
*EAST FISHKILL POLICE DEPARTMENT,*
*CHRISTOPHER BELLINO, DERRICK W.*
*CUCCIA, JUSTINO BERMUDEZ, BERT A.*
*FINLANCIA, ALEXANDER J. HUMPHREYS,*
*MATTHEW C. MALICAN, GREGORY M.*
*STANIS, ALBERT J. TAURONE and*
*BRENDAN J. WHITE*
555 Hudson Valley Avenue
Suite 100
New Windsor, New York 12553
Tel. No.: (845) 561-0550

## **TABLE OF CONTENTS**

Page

Table of Cases Authorities…………………………………………………………..…i-iii

ARGUMENT:

I.    INTRODUCTION AND OVERVIEW OF CAUSES OF ACTION AT ISSUE……………………………………………………………………..1

II.    THE PLAINTIFF'S FIRST CAUSE OF ACTION SHOULD BE DISMISSED......................................................................................................2

III.   THE PLAINTIFF'S SECOND CAUSE OF ACTION ("MONELL" LIABILITY") SHOULD BE DISMISSED…………………………………6

IV.   THE "ROOKER-FELDMAN" DOCTRINE BARS THE PLAINTIFF'S CLAIMS………………………………………………………………..6

V.    ALL CLAIMS BASED ON THE TOWN DEFENDANTS' ACTS OR OMISSIONS OCCURRING MORE THAN THREE YEARS PRIOR TO THE COMMENCEMNT OF SUIT ARE TIME-BARRED………………...8

CONCLUSION……………………………………………………………...…8

DRAKE LOEB<sup>PLLC</sup>
555 Hudson Valley Avenue, Suite 100, New Windsor, New York 12553
Phone: 845-561-0550

## TABLE OF CASES & AUTHORITIES

<u>Cases:</u>

Anti–Monopoly, Inc., v. Hasbro, Inc., 958 F.Supp. 895, 907 & n. 11 (S.D.N.Y.) ("the failure to provide argument on a point at issue constitutes abandonment of the issue"), aff'd, 130 F.3d 1101 (2d Cir.1997), cert. denied, 525 U.S. 813, 119 S.Ct. 48, 142 L.Ed.2d 37 (1998)

Blum v. Yaretsky, 457 U.S. 991, 1002 (1982)

Chukwuhdi v. City of New York, No. 1:25-CV-0673 (LLS), 2026 WL 504827, at *3 (S.D.N.Y. Feb. 19, 2026)

Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 323 (2d Cir. 2002)

Coal. of Landlords, Homeowners , & Merchants Inc. v. Suffolk Cnty., No. 24-CV-3323 (KAM)(LGD), 2024 WL 4188922, at *7 (E.D.N.Y. Sept. 13, 2024)

Davidson v. Garry, 956 F. Supp. 265, 269 (E.D.N.Y. 1996), aff'd, 112 F.3d 503 (2d Cir. 1997)

DeRaffele v. City of New Rochelle, No. 15-CV-282 (KMK), 2017 WL 2560008, at *6 (S.D.N.Y. June 13, 2017

DeShaney v. Winnebago County Dept. of Soc. Servs., 489 U.S. 189, 195, 109 S.Ct. 998, 1002–03, 103 L.Ed.2d 249 (1989)

Eagleston v. Guido, 41 F.3d 865, 871 (2d Cir. 1994)

Edem v. Spitzer, No. 05 Civ. 3504(RJD), 2005 WL 1971024, at *1 (E.D.N.Y. Aug. 15, 2005)

Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 164–66 (1978)

Hauschild v. U.S. Marshals Serv., No. 21 Civ. 7580 (CS), 2023 WL 2413934, at *12 (S.D.N.Y. Mar. 8, 2023)

Levy v. City of New York, 726 F. Supp. 1446, 1451 (S.D.N.Y. 1989)

Lomnicki v. Cardinal McCloskey Servs., No. 04-CV-4548 (KMK), 2007 WL 2176059, at *5 (S.D.N.Y. July 26, 2007)

Mathews v. Eldridge, 424 U.S. 319, 348, 96 S. Ct. 893, 909, 47 L. Ed. 2d 18 (1976)

Matican v. City of New York, 524 F.3d 151 (2d Cir. 2008)

DRAKE LOEB ᴾᴸᴸᶜ
555 Hudson Valley Avenue, Suite 100, New Windsor, New York 12553
Phone: 845-561-0550

Milhouse v. City of New York, No. 22-CV-8980 (LTS), 2022 WL 17542103, at *3 (S.D.N.Y. Dec. 6, 2022)

Soldal v. Cook County, 506 U.S. 56 (1992)

United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., 941 F.2d 1292, 1295–96 (2d Cir. 1991)

Statutes:

42 U.S.C. §1983
42 U.S.C. § 1985
42 U.S.C. § 1986
4th Amendment
14th Amendment
FRCP Rule 12(b)(1) and (6)

iii

## I.     INTRODUCTION AND OVERVIEW OF CAUSES OF ACTION AT ISSUE

As indicated in the moving submissions of the Town of East Fishkill, the East Fishkill Police Department, former Police Chief Christopher Bellino, Chief of Police Derrick W. Cuccia, Sergeant Justino Bermudez, Police Officer Bret A. Finlancia, Sergeant Alexander J. Humphreys, Police Officer Matthew C. Malican, Lieutenant Gregory Stanis, Police Officer Albert Taurone and Police Officer Brendan J. White (collectively the "Town Defendants"), the Plaintiff's First Amended Complaint ("FAC") asserted the following causes of action, under federal law, as against the Town Defendants: (a) a Section 1983 due process violation claim (First Cause of Action); (b) a Section 1983 "Monell" claim (Second Cause of Action); (c) a Section 1985(3) conspiracy claim (Third Cause of Action); and (d) a Section 1986 failure to prevent a conspiracy claim (Fourth Cause of Action).

Additionally, the Plaintiff's FAC asserted the following causes of action, under state law, as against the Town Defendants: (a) a conspiracy claim (Fifth Cause of Action); (b) a defamation claim (Sixth Cause of Action); (c) a malicious prosecution claim (Tenth Cause of Action); (d) a conversion claim (Twelfth Cause of Action); (e) an intentional infliction of emotional distress claim (Sixteenth Cause of Action); and (f) an unlawful/wrongful eviction claim (Seventeenth Cause of Action).

The Plaintiff, in his "Consolidated Memorandum of Law in Opposition to Defendants' Motions to Dismiss" has agreed, in relation to the Town Defendants' motion to dismiss, to withdraw all claims under 42 U.S.C. §§ 1985 and 1986 (Third and Fourth Causes of Action), and to withdraw all state-law claims (Fifth, Sixth, Tenth, Twelfth, Sixteenth and Seventeenth Causes of Action). The Plaintiff has also agreed to dismiss the East Fishkill Police Department as a party because it is a non-suable entity.

DRAKE LOEB™
555 Hudson Valley Avenue, Suite 100, New Windsor, New York 12553
Phone: 845-561-0550

In light of the above, the only remaining claims against the Town Defendants consist of the FAC's First and Second Causes of Action. However, and as set forth below, these Causes of Action are non-viable and should be dismissed.

## II.    THE PLAINTIFF'S FIRST CAUSE OF ACTION SHOULD BE DISMISSED

The Plaintiff's First Cause of Action alleges, in sum, that the individual municipal defendants violated his 4th Amendment rights by not taking steps to protect and/or enforce his claimed legal rights to remain in and occupy the home of the co-defendant DeVall (his ex-girlfriend) after she removed him from her residence, and changed the locks. The Plaintiff characterizes the conduct of the individual municipal defendants in not protecting his occupancy rights in the DeVall residence as an "unreasonable seizure" without due process, which violated his rights under the 4th and 14th Amendments, and made actionable under 42 U.S.C. § 1983. As detailed below, the Plaintiff's claim in this regard fails for multiple reasons.

First, assuming, solely for the sake of argument, that the Plaintiff had a legal right to remain in and occupy his ex-girlfriend's residence after she elected to remove him from her property, the Town Defendants had no duty under the law to take steps to protect or enforce those rights. The rule is well-settled that the Due Process Clause of the Fourteenth Amendment does not require the State to affirmatively intervene to protect the "life, liberty, and property of its citizens against invasions by private actors." DeShaney v. Winnebago County Dept. of Soc. Servs., 489 U.S. 189, 195, 109 S.Ct. 998, 1002–03, 103 L.Ed.2d 249 (1989); Chukwuhdi v. City of New York, No. 1:25-CV-0673 (LLS), 2026 WL 504827, at *3 (S.D.N.Y. Feb. 19, 2026)("[t]here is generally no federal constitutional duty, however, requiring a government to investigate, protect an individual from harm, or enforce the law"); Milhouse v. City of New York, No. 22-CV-8980 (LTS), 2022 WL 17542103, at *3 (S.D.N.Y. Dec. 6, 2022)("To the

DRAKE LOEB™
555 Hudson Valley Avenue, Suite 100, New Windsor, New York 12553
Phone: 845-561-0550

extent that Plaintiff asserts substantive due process claims under Section 1983 against the City of New York and individual NYPD officers arising from their alleged failure to investigate Plaintiff's complaint or make an arrest based on his allegations, the Court must dismiss those claims. Government officials generally have no federal constitutional duty to investigate or protect an individual from harm").

Indeed, the Plaintiff's opposing submissions do not even address this fundamental rule of law, and as such, this dispositive point should be decided against the plaintiff. See, Anti–Monopoly, Inc., v. Hasbro, Inc., 958 F.Supp. 895, 907 & n. 11 (S.D.N.Y.) ("the failure to provide argument on a point at issue constitutes abandonment of the issue"), aff'd, 130 F.3d 1101 (2d Cir.1997), cert. denied, 525 U.S. 813, 119 S.Ct. 48, 142 L.Ed.2d 37 (1998); Hauschild v. U.S. Marshals Serv., No. 21 Civ. 7580 (CS), 2023 WL 2413934, at *12 (S.D.N.Y. Mar. 8, 2023) ("At the motion to dismiss stage, where review is limited to the pleadings, a plaintiff abandons a claim by failing to address the defendant's arguments in support of dismissing that claim.")(citation omitted).

Second, as pled, the alleged violations of the Plaintiff's rights were not caused by the Town Defendants' actions, and that too requires the dismissal of the Plaintiff's Section 1983 claims against them. A demonstration of the requisite "state action" is a fundamental requirement for establishing liability under Section 1983. See, Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 323 (2d Cir. 2002)("[i]n order to state a claim under § 1983, a plaintiff must allege that he was injured by either a state actor or a private party acting under color of state law."); see also, United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., 941 F.2d 1292, 1295–96 (2d Cir. 1991)("Because the United States Constitution regulates only the

DRAKE LOEB PLLC
555 Hudson Valley Avenue, Suite 100, New Windsor, New York 12553
Phone: 845-561-0550

Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.' ") (citing Blum v. Yaretsky, 457 U.S. 991, 1002 (1982)).

In this case, the Plaintiff, at best, merely alleges that the Town Defendants did not take steps to undo the actions already taken by DeVall to exclude the Plaintiff from her residence, and/or elected not to take enforcement actions against DeVall when apprised by the Plaintiff of her conduct. But, under the law, that does not constitute the requisite "state action" sufficient to impose Section 1983 liability on the Town Defendants. The rule is that "...a state actor's mere inaction or acquiescence in private allegedly wrongful conduct does not convert that private conduct into state action." Coal. of Landlords, Homeowners , & Merchants Inc. v. Suffolk Cnty., No. 24-CV-3323 (KAM)(LGD), 2024 WL 4188922, at *7 (E.D.N.Y. Sept. 13, 2024); see also, Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 164–66 (1978) (stating that "a State is responsible for the ... act of a private party when the State, by its law, has compelled the act" and that the Supreme Court "has never held that a State's mere acquiescence in a private action converts that action into that of the State").

Here, it is pointed that the core actions which the Plaintiff asserts were violative of his rights do not even implicate the Town Defendants. That is, regarding the Plaintiff's occupancy in the house owned by DeVall, it was Devall who asked that the Plaintiff vacate her home in May of 2022; it was DeVall who served a "Notice to Quit and Terminate License" upon the Plaintiff on July 28, 2022; and it was DeVall who changed the locks in her house to exclude the Plaintiff from her home on September 1, 2022. ECF Dkt.31, ¶¶ 43 to 45, and 47. Assuming, solely for the sake of argument, that DeVall's acts in excluding the Plaintiff from her home did violate the Plaintiff's legal rights, there can be no liability against the Town Defendants because, "(t)here is

generally no federal constitutional duty, however, requiring a government to investigate, protect an individual from harm, or enforce the law." Chukwuhdi v. City of New York, No. 1:25-CV-0673 (LLS), 2026 WL 504827, at *3 (S.D.N.Y. Feb. 19, 2026). The only exceptions to this rule exist where (a) a government official takes a person into custody and holds him against his will, or (b) a government actor affirmatively creates or increases a danger to a plaintiff. See, Matican v. City of New York, 524 F.3d 151 (2d Cir. 2008). These exceptions clearly do not apply here since the Plaintiff was not held in custody by any municipal defendant, nor did any municipal defendant remove the Plaintiff from the home of his ex-girlfriend DeVall.[1]

Third, while the Plaintiff's First Cause of Action characterizes the Town Defendants' election not to pursue law enforcement actions against DeVall as a "due process" violation, that claim clearly fails. The basic predicate of a due process violation under the 14th Amendment is the denial of notice and an opportunity to be heard. See, Mathews v. Eldridge, 424 U.S. 319, 348, 96 S. Ct. 893, 909, 47 L. Ed. 2d 18 (1976)("The essence of due process is the requirement that a person in jeopardy of serious loss (be given) notice of the case against him and opportunity to meet it.")(internal quotation and citation omitted). Here, and as pled, the Plaintiff was given notice and an opportunity to be heard on this issue of the Plaintiff's claimed right to occupy the residence of his former girlfriend DeVall in the Dutchess County Family Court, and this issue was already adjudicated *against* the Plaintiff – as referenced in multiple Court Orders directing the Plaintiff to stay away from the DeVall residence. See Temporary Orders of Protection dated

---

[1] The Plaintiff's reliance on Soldal v. Cook County, 506 U.S. 56 (1992) is wholly misplaced. In Soldal, an unlawful seizure in violation of the 4th Amendment was found where county law enforcement personnel accompanied a trailer park owner's employees to dismantle a trailer home occupied by the plaintiffs and did so with knowledge that doing so was unlawful because there was no eviction order. Indeed, after the dismantling of the plaintiffs' trailer home occurred, the State Court found the trailer park owner's eviction was unlawful. Here, by contrast, the Town Defendants did not participate in removing the Plaintiff from the DeVall residence and/or changing the locks of the DeVall residence. And, completely unlike Soldal, the Dutchess County Family Court expressly ordered, multiple times, the continued exclusion of the Plaintiff from the DeVall residence which he previously occupied, and never of course found that such exclusion was unlawful.

DRAKE LOEB ᴾᴸᴸᶜ
555 Hudson Valley Avenue, Suite 100, New Windsor, New York 12553
Phone: 845-561-0550

November 16, 2022; March 31, 2023, August 15, 2023, February 20, 2024, April 8, 2024, August 5, 2024, April 22, 2025, April 25, 2025 and November 18, 2025 annexed to Mackay Motion to Dismiss as Exhibits "D," "F," "I," "J," "K," "L," "N," "T" and "R." See, Levy v. City of New York, 726 F. Supp. 1446, 1451 (S.D.N.Y. 1989)(Section 1983 due process violation claim dismissed where notice was given, and there was some opportunity to be heard).

## III.   THE PLAINTIFF'S SECOND CAUSE OF ACTION ("MONELL" LIABILITY" SHOULD BE DISMISSED

As indicated above, under settled law, the claimed failure of the individual Town Defendants to take steps to enforce the Plaintiff's claimed legal rights to occupy the home owned by his ex-girlfriend DeVall did not constitute a Constitutional violation under the 4th and 14th Amendments. Accordingly, where, as here, there is no underlying Constitutional violation, any "Monell" claims necessarily fail.  See, DeRaffele v. City of New Rochelle, No. 15-CV-282 (KMK), 2017 WL 2560008, at *6 (S.D.N.Y. June 13, 2017)("It is well established that a Monell claim cannot lie in the absence of an underlying constitutional violation.").  The Plaintiff's Second Cause of Action should therefore be dismissed.

## IV.   THE "ROOKER-FELDMAN" DOCTRINE BARS THE PLAINTIFF'S CLAIMS

To the extent the Plaintiff's allegations are legally insufficient to sustain the First and Second Causes of Action against the Town Defendants, the Court need not address the alternative grounds for dismissal, based on the lack of subject matter jurisdiction in accordance with the "Rooker-Feldman" doctrine.  However, should the Court choose to address the "Rooker-Feldman" doctrine, that doctrine does apply and serves as an additional basis for the dismissal of the Plaintiff's claims.

As noted herein, the Plaintiff's core claim against all defendants is that the Plaintiff has been unlawfully excluded from residing in the home owned by his ex-girlfriend DeVall as a

DRAKE LOEB ᴾᴸᴸᶜ
555 Hudson Valley Avenue, Suite 100, New Windsor, New York 12553
Phone: 845-561-0550

result of the collective actions of the named defendants. However, the issue of the Plaintiff's right to occupy the DeVall home was already addressed and decided against the Plaintiff by the Dutchess County Family Court in the DeVall v. Fleming State Court litigation wherein the Family Court, multiple times, ordered the Plaintiff to stay away from the DeVall residence.

The rule is well-settled that "…the Rooker–Feldman doctrine bars collateral attack on a state court judgment which attempts to cloak the attack as a § 1983 action in federal court." Davidson v. Garry, 956 F. Supp. 265, 269 (E.D.N.Y. 1996), aff'd, 112 F.3d 503 (2d Cir. 1997). This is precisely the case here since the State Court, in DeVall v. Fleming, has upheld the exclusion of the Plaintiff from the DeVall residence, and the Plaintiff, in the instant federal litigation, is now suing and seeking a monetary recovery on the premise that DeVall's exclusion of the Plaintiff from her property was unlawful. As such, in order to succeed in the instant federal litigation, the Plaintiff is necessarily inviting this Court to review and reject the State Court adjudication which directed the Plaintiff's exclusion from the DeVall residence. This is disallowed under the "Rooker-Feldman" doctrine, and serves as an additional ground for the dismissal of this action. See, Edem v. Spitzer, No. 05 Civ. 3504(RJD), 2005 WL 1971024, at *1 (E.D.N.Y. Aug. 15, 2005) (holding that plaintiff's claim that he was denied due process because he was not given "adequate notice and an opportunity to be heard prior to the deprivation of his property rights" is "inextricably intertwined with the state court's determinations and could have been raised in state court, either in the Family Court or on appeal," and is therefore barred by the Rooker–Feldman doctrine), aff'd, 204 F. App'x 95 (2d Cir.2006); see also, Lomnicki v. Cardinal McCloskey Servs., No. 04-CV-4548 (KMK), 2007 WL 2176059, at *5 (S.D.N.Y. July 26, 2007) ("[A] federal plaintiff cannot escape the Rooker-Feldman bar simply by relying on a legal theory not raised in state court.")(internal citation omitted).

DRAKE LOEB ᴾᴸᴸᶜ
555 Hudson Valley Avenue, Suite 100, New Windsor, New York 12553
Phone: 845-561-0550

**V.    ALL CLAIMS BASED ON THE TOWN DEFENDANTS' ACTS OR OMISSIONS OCCURRING MORE THAN THREE YEARS PRIOR TO THE COMMENCEMNT OF SUIT ARE TIME-BARRED**

As referenced in the Town Defendants' moving papers, because claims brought pursuant to Section 1983 are subject to a three (3) year statute of limitations, all claims of alleged wrongdoing pled as against the Town Defendants which occurred more than three (3) years prior to the October 21, 2025 commencement date of suit should be dismissed. See, Eagleston v. Guido, 41 F.3d 865, 871 (2d Cir. 1994). Here, the Plaintiff has failed to address or offer any arguments as to why any acts on the part of the Town Defendants, predating October 21, 2022, should not be dismissed. As such, in the absence of any argument to the contrary, all claims pertaining to alleged wrongful actions on the part of the Town Defendants predating October 21, 2022 should be dismissed. See, Anti–Monopoly, Inc., v. Hasbro, Inc., 958 F.Supp. 895, 907 & n. 11 (S.D.N.Y. 1997) ("the failure to provide argument on a point at issue constitutes abandonment of the issue"), aff'd, 130 F.3d 1101 (2d Cir.1997), cert. denied, 525 U.S. 813, 119 S.Ct. 48, 142 L.Ed.2d 37 (1998).

## CONCLUSION

Based upon the foregoing, an Order dismissing the plaintiff's First Amended Complaint against the Defendants, TOWN OF EAST FISHKILL, EAST FISHKILL POLICE DEPARTMENT, CHRISTOPHER BELLINO, DERRICK W. CUCCIA, JUSTINO BERMUDEZ, BERT A. FINLANCIA, ALEXANDER J. HUMPHREYS, MATTHEW C. MALICAN, GREGORY M. STANIS, ALBERT J. TAURONE and BRENDAN J. WHITE, pursuant to FRCP Rule 12(b)(1) and (6), should be granted by this Court.

Dated: New Windsor, New York
      June 1, 2026

DRAKE LOEB pllc
555 Hudson Valley Avenue, Suite 100, New Windsor, New York 12553
Phone: 845-561-0550

Yours, etc.,

DRAKE LOEB, PLLC

By: _____
ADAM L. RODD, ESQ.
Attorneys for Defendants,
TOWN OF EAST FISHKILL, EAST FISHKILL
POLICE DEPARTMENT CHRISTOPHER
BELLINO, DERRICK W. CUCCIA, JUSTINO
BERMUDEZ, BERT A. FINLANCIA,
ALEXANDER J. HUMPHREYS, MATTHEW C.
MALICAN, GREGORY M. STANIS, ALBERT J.
TAURONE and BRENDAN J. WHITE
555 Hudson Valley Avenue, Suite 100
New Windsor, New York 12553
Tel. No.: (845) 561-0550

9