**LAW OFFICE OF KEVIN ROSENBERG PLLC**
8 N. Front Street, Suite 1102
Kingston, NY 12401
845-527-4474
Kevin@kjrlawfirm.com
Attorney for Ms. Jeanine DeVall

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| In re:                                            : | |
| PATRICK FLEMING,                    : | CASE NO.: 7:25-cv-08734-NSR |
|                  Plaintiff,        : | |
|           v.                            : | |
|                                            : | |
| TOWN OF EAST FISHKILL; EAST FISHKILL  : | |
| POLICE DEPARTMENT; INDIVIDUAL EFPD  : | |
| OFFICERS; COUNTY OF DUTCHESS;         : | |
| DUTCHESS COUNTY SHERIFF'S OFFICE;    : | |
| INDIVIDUAL DCSO DEPUTIES;            : | |
| JEANINE A. DEVALL; and               : | |
| KEVIN M. MACKAY,                 : | |
|                     Defendants    : | |

---

### DEFENDANT JEANINE A. DEVALL'S REPLY MEMORANDUM OF LAW IN <u>FURTHER SUPPORT OF HER MOTION TO DISMISS</u>

**Preliminary Statement**

Plaintiff's opposition confirms that the claims against private resident Jeanine A. DeVall rest on (i) routine communications with police, (ii) petitioning Family Court for protective relief, and (iii) conclusory assertions of "joint action." Under controlling precedent, none of that suffices to plead state action or a § 1983 conspiracy. See Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 324–25 (2d Cir. 2002); Ginsberg v. Healey Car & Truck Leasing, Inc., 189 F.3d 268, 272–73 (2d Cir. 1999). The defamation, malicious prosecution, abuse of process, and fraud claims fail as a matter of law on privilege and pleading grounds. Plaintiff also concedes withdrawal of his §§ 1985 and

1

1986 claims. The Court should dismiss all claims against Ms. DeVall, and if any purely state-law claim survives, decline supplemental jurisdiction under 28 U.S.C. § 1367(c)(3).

**Statement of Relevant Facts/Procedural History**

The First Amended Complaint ("FAC") pleads that Ms. DeVall is a private individual, identified as a "private actor," who cohabited with Plaintiff, holds title to the residence, reported to EFPD, and pursued Family Court relief, including an ex parte Temporary Order of Protection ("TOP"). The FAC alleges communications between EFPD/DCSO and private counsel, and asserts, in conclusory fashion, that Ms. DeVall "acted in concert" or "jointly" with state actors; the Family Court proceedings (custody, FOP/TOP, and alleged violation) remain pending. Ms. DeVall moved to dismiss under Rules 12(b)(1) and 12(b)(6). Her opening memorandum argued, inter alia, lack of state action, insufficiency of § 1985/1986, privileges defeating defamation, and multiple defects in Plaintiff's state-law tort claims; alternatively, that the Court should decline supplemental jurisdiction. In opposition, Plaintiff expressly withdraws his §§ 1985 and 1986 claims and requests no injunctive relief interfering with Family Court orders; he argues that private "joint action" with police is sufficiently pleaded and urges the Court to retain supplemental jurisdiction. Plaintiff's Notice of Motion likewise asks the Court to deny dismissal, except as narrowed by his withdrawals.

**Argument**

I. Plaintiff Fails to Plead State Action Against a Private Resident Under § 1983

2

Plaintiff's theory collapses to the claim that a private party (a) reported to police, (b) provided information, and (c) sought and obtained protective orders. None of those allegations, alone or together, plausibly allege state action.

A private party acts under color of state law only if she is a willful participant in joint activity with the State, such as a conspiracy or "meeting of the minds" to violate constitutional rights. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970). The Second Circuit requires "something more" than furnishing information or invoking state procedures; allegations must show an agreement with state actors to achieve an unconstitutional end. See Ciambriello, 292 F.3d at 324–25; Ginsberg, 189 F.3d at 272–73; Anilao v. Spota, 27 F.4th 855, 872–74 (2d Cir. 2022) (mere cooperation with prosecutors or law enforcement, without plausible facts showing concerted wrongdoing, is insufficient); Harrison v. New York, 95 F. Supp. 3d 293, 323–24 (E.D.N.Y. 2015) (complaints to police and participation in investigation do not make a private party a state actor).

Plaintiff's opposition points to phone calls and "coordination" with officers and counsel, plus continued Family Court advocacy, but identifies no specific facts showing an unlawful agreement with police to deprive him of rights, as opposed to ordinary petitioning or information sharing. The FAC asserts only conclusory "joint action" verbiage and routine contacts surrounding domestic-relations issues and a TOP that remains in effect. That is not enough under Ciambriello, Ginsberg, Anilao, and Harrison. Section 1983 claims against Ms. DeVall should be dismissed.

II. The § 1983 Conspiracy Allegations Are Conclusory and Fail Under Twombly/Iqbal

A § 1983 conspiracy requires factual allegations of (1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act causing damages. See Ciambriello, 292 F.3d at 324–25; Dwares v. City of New York, 985 F.2d 94, 98–100 (2d Cir. 1993). Threadbare recitals or labels are insufficient. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009).

Here, Plaintiff offers only generalized assertions that Ms. DeVall "acted jointly" with police and "maintained" his exclusion. The opposition cites no nonconclusory facts of a "meeting of the minds," identifies no specific agreement or timeframe, and relies on the very conduct (reporting to police; seeking a TOP) courts hold insufficient as a matter of law. The conspiracy claim fails under Ciambriello, Dwares, and Twombly/Iqbal.

III. Seeking or Obtaining Protective Orders and Using Judicial Process Do Not Create State Action

The act of invoking court process—even ex parte protective orders—does not convert a private litigant into a state actor. See Basile v. Connolly, 538 F. App'x 5, 7 (2d Cir. 2013) (summary order) (private party's initiation of state proceedings and obtaining orders insufficient to establish state action). Plaintiff's allegations that Ms. DeVall filed a Family Offense Petition and obtained/extended a TOP cannot support § 1983 liability.

The FAC pleads that Ms. DeVall submitted sworn papers in Family Court, obtained an ex parte TOP, and that those proceedings are ongoing. That conduct is not state action.

IV. Plaintiff Has Withdrawn His §§ 1985 and 1986 Claims; Those Counts Should Be Dismissed as Abandoned

4

Plaintiff's opposition expressly withdraws all claims under 42 U.S.C. §§ 1985 and 1986. The Court should dismiss those counts as moot/abandoned.

V. New York Defamation Privileges Bar Plaintiff's Defamation Claims

New York recognizes an absolute privilege for statements made in the course of a judicial proceeding if material and pertinent, and a qualified common-interest privilege for good-faith reports to law enforcement. See Front, Inc. v. Khalil, 24 N.Y.3d 713, 718–20 (2015); Youmans v. Smith, 153 N.Y. 214, 219–21 (1897); Boyd v. Nationwide Mut. Ins. Co., 208 F.3d 406, 409–10 (2d Cir. 2000); Liberman v. Gelstein, 80 N.Y.2d 429, 437–39 (1992). New York Civil Rights Law § 74 also provides a statutory privilege for fair and true reports of judicial proceedings.

The FAC pins the defamation claim to statements made to police and within Family Court filings supporting the FOP/TOP. Such statements are privileged. Plaintiff pleads no facts overcoming privilege (e.g., malice defeating a qualified privilege) and fails to identify actionable nonprivileged statements with requisite particularity. Dismissal is warranted.

VI. Malicious Prosecution and Abuse of Process Fail as a Matter of Law

To plead malicious prosecution under New York law, a plaintiff must allege initiation of a proceeding, lack of probable cause, malice, and a favorable termination. See Savino v. City of New York, 331 F.3d 63, 72 (2d Cir. 2003); Colon v. City of New York, 60 N.Y.2d 78, 82–83 (1983). A favorable termination requires a disposition indicative of innocence. See Thompson v. Clark, 596 U.S. 36, 44–46 (2022). Abuse of process requires use of regularly issued process with intent to do harm to obtain a collateral

5

objective outside the process's legitimate ends. See Curiano v. Suozzi, 63 N.Y.2d 113, 116 (1984); Mangino v. Inc. Vill. of Patchogue, 808 F.3d 951, 958–60 (2d Cir. 2015).

Plaintiff concedes the Family Court proceedings (FOP/TOP/violation) are ongoing and have not terminated in his favor. Malicious prosecution therefore fails. As to abuse of process, seeking a TOP in a domestic-relations context is a legitimate use of process; Plaintiff alleges no nonconclusory facts showing a primary collateral objective outside the protective purpose recognized by law. Dismissal is required.

VII. Fraud Is Not Pleaded with Particularity and Lacks Justifiable Reliance

Fraud must satisfy Rule 9(b) with particularized allegations of misstatement, scienter, intent to induce reliance, actual and justifiable reliance by the plaintiff, and damages. See Fed. R. Civ. P. 9(b); Rombach v. Chang, 355 F.3d 164, 170–72 (2d Cir. 2004); Bank of Am. Corp. v. Lemgruber, 385 F. Supp. 2d 200, 230–31 (S.D.N.Y. 2005); Lama Holding Co. v. Smith Barney Inc., 88 N.Y.2d 413, 421 (1996).

Plaintiff predicates fraud on alleged misstatements made to police and the Family Court about occupancy and vehicle ownership. He pleads no plausible justifiable reliance by himself on those statements (as opposed to alleged reliance by third parties), and his allegations lack Rule 9(b) particulars tying any misstatement to his own reliance and damages. The fraud claims should be dismissed.

VIII. Supplemental Jurisdiction Should Be Declined if Federal Claims Are Dismissed

Where all federal claims are dismissed at the pleadings stage, the usual course is to decline supplemental jurisdiction over remaining state claims. See 28 U.S.C. § 1367(c)(3); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988); Kolari v.

6

N.Y.-Presbyterian Hosp., 455 F.3d 118, 122–24 (2d Cir. 2006). The Court should do so here.

IX. Abstention/Jurisdiction Doctrines Bar Any Request to Interfere with Ongoing Family Court Matters

To the extent Plaintiff's pleadings could be read to seek declaratory or injunctive relief affecting active Family Court TOP/custody matters, abstention is warranted under Younger v. Harris, 401 U.S. 37, 43–45 (1971), as clarified by Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 78–82 (2013), particularly in domestic-relations contexts. See Falco v. Justices of the Matrimonial Parts of Sup. Ct. of Suffolk Cnty., 805 F.3d 425, 427–28 (2d Cir. 2015); Deem v. DiMella-Deem, 941 F.3d 618, 621–24 (2d Cir. 2019). To the extent Plaintiff seeks de facto appellate review of Family Court orders, Rooker-Feldman would independently bar jurisdiction. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005); Hoblock v. Albany Cnty. Bd. of Elections, 422 F.3d 77, 84–86 (2d Cir. 2005); Green v. Mattingly, 585 F.3d 97, 101–03 (2d Cir. 2009). Plaintiff states in opposition that he withdraws any request for injunctive relief that would interfere with Family Court orders. Any residual equitable requests should be denied.

**Conclusion**

For the foregoing reasons, the Court should grant Defendant Jeanine A. DeVall's motion and dismiss with prejudice all claims asserted against her. In the alternative, upon dismissal of the federal claims, the Court should decline supplemental jurisdiction over any remaining state-law claims under 28 U.S.C. § 1367(c)(3).

Dated: June 1, 2026
      Kingston, NY

                                      Very Respectfully,

*Kevin J. Rosenberg*

Kevin J. Rosenberg, Esq.
Kevin Rosenberg PLLC
Attorney for Jeanine DeVall
8 N. Front St. Suite 1102
Kingston, NY 12401
(845) 527-4474

TO:    Patrick Fleming
       *pro se Plaintiff*
       406 Saratoga Lane
       Fishkill, New York 12524
       (845) 475-8383
       **pfReal@gmail.com**

       **DRAKE LOEB PLLC**
       Adam Rodd, Esq.
       *Attorneys for Defendants*
       *Town of East Fishkill, The East Fishkill*
       *Police Department, Chief Christopher Bellino,*
       *Sgt. Justino Bermudez, PO Bret A. Finlancia,*
       *Sgt. Alexander J. Humphreys, PO Matthew C. Malican,*
       *Lt. Gregory M. Stanis, PO Albert J. Tauron,*
       *PO Brendan J. White and Chief of Police*
       *Derrick W. Cuccia*
       555 Hudson Valley Avenue
       Suite 100
       New Windsor, New York 12553
       (845) 561-0550
       **arodd@drakeloeb.com**

       **SOKOLOFF STERN LLP**
       Kimberly Hunt Lee, Esq.
       *Attorneys for Defendants*
       *County of Dutchess, New York, Sheriff Kirk A. Imperati,*
       *Detective James G. Flanagan and Sgt. Jonathan T. Snowdon*
       80 Washington Street
       Suite 100
       Poughkeepsie, New York 12601
       (845) 249-2420
       **klee@sokoloffstern.com**

8

**GOLDBER SEGALLA LLP**
Jonathan M. Bernstein, Esq.
*Attorneys for Defendant Kevin M. MacKay*
8 Southwoods Blvd.,
Suite 300
Albany, New York 12211
(518) 463-5400
**jbernstein@goldbergsegalla.com**